CASE 10—PETITION ORDINARY—OCTOBER 2.

# Louisville and Nashville R. Co. v. Ricketts.

APPEAL FROM MARION CIRCUIT COURT.

RAILROADS—DUTY AS TO LIGHTING PLATFORM—NEGLIGENCE OF PAS-SENGER IN LEAVING TRAIN.—Where a passenger in leaving a railroad train at night, instead of getting off on a commodious and well-lighted platform, got off on the opposite side of the train, where there was no platform and no lights, he did so at his peril, and having been injured by falling over an obstruction in the way, he cannot recover of the company for the injuries thus received. And it is not material that there had been formerly a platform on the side on which he left the train and that he had not been notified of the change.

W. J. LISLE FOR APPELLANT.

1. The court erred in giving instruction XX, because it was not authorized by the pleadings and submitted for the consideration of the jury

Louisville and Nashville Railroad Company v. Ricketts.

questions not made in the pleadings; also because it assumed as a fact that appellant's passenger platform was not adequately lighted. The instruction in effect excused the plaintiff from the use of ordinary care and caution in alighting from trains. (1 Sher. & Red. on Neg., sec. 87; Lofflin v. Buffalo S. W. R. Co., 104 N. Y., cited in N. E. Reporter, vol. 12, page 599.)

2. Railroad companies are not required to exercise such a supervision over their passengers as absolutely prevents their being injured by their own fault. (2 Wood on Railways, p. 1104, sec. 303; Hutchinson on Carriers, sec. 646).

3. The court also erred in refusing to give instructions asked by appellant to the effect that if appellant had provided a safe and commodious platform for passengers to alight on, and the train had stopped there long enough for appellee to alight, and appellee, without any excuse for so doing, alighted on the opposite side, they could not find for plaintiff.

4. Injury to plaintiff was due to his own negligence.

THOMPSON & McCHORD on same side.

1. Proceedings were not consistent with the opinion of the Court of Appeals delivered upon a former appeal of this case. (L. & N. R. Co. v. Ricketts, 93 Ky., 116; 2 Wood on Railways, p. 1104.)

2. It was error in the court to assume in its instruction that the railroad company had no right to select and adhere to such. arrangements of its depots and platforms as it might see fit if those were safe and commodious.

3. The court erred in assuming that the adequate lighting of the left side of the 'track was in issue and in instructing the jury on that point, when there was in fact no such issue in the pleadings.

4. Peremptory instruction asked by defendant should have been given.

H. W. BRUCE of counsel on same side.

S. A. RUSSELL, JOHN D. FOGLE, SAMUEL AVRITT and J. D. BELDEN for appellee.

1. The evidence sustains the finding of the jury, and was sufficient to authorize the court to submit to the jury the issue formed under the pleadings upon the question of negligence. (Penn. R. Co. v. Barnett, . New Series Am. Law Reg., vol. 8, 758; Westchester R. Co. v. McCloe, &c., 11 N. S., 200.)

2. The railroad company was guilty of negligence in failing to sufficiently light the depot premises, and in leaving an obstruction upon its platform. The plaintiff having been injured by reason of this failure, the defendant should be held liable in damages for such injury. (2 Wood on Railways, sec. 310, p. 1169; Patten v. Chicago, &c., R. Co.,

Louisville and Nashville Railroad Company v. Ricketts.

32 Wis., 524; Beard v. Conn., &c., R. Co., 48 V., 101; Knight v. Portland, &c., R. Co., 56 Me., 234; Peniston v. Chicago, &c., R. Co., 44 Am. Reports, 444.)

3. As shown by the evidence, the train did not remain a reasonable time at the station to allow passengers to get out of the way of danger from the moving cars, and the railroad company is, therefore, responsible for an injury to a passenger occasioned thereby. (Penn. R. Co. v. Kilgore, 72 Am. Decisions, 787; Fairmount, &c., R. Co. v. Stutler, 93 Am. Decisions, 714; Toledo, &c., R. Co. v. Baddely, 5 Am. Reports, 71.)

4. In the former appeal of this case material errors were certified to this court in the bill of exceptions.

5. The instructions given by the court presented the whole law of the case, and the question of negligence was fully submitted to the jury. The instructions asked for by appellant were properly refused (Ray on Negligence, secs. 127–131.)

6. A railroad company must provide a safe means of access to and from its station. If there are two ways, one of which is faulty and dangerous, and passengers are allowed to use it, the company will be liable in damages to one injured thereby. (Delaware, &c., R. Co. v. Troutwein, 52 N. J. L., 169; 19 Am. State Reports, 442; Mo Pacific Ry. Co, v. Long, 26 Am. State Reports, 811.)

7. The verdict is not excessive. (Ill. Central R. Co. v. Parks, 88 Ill., 373; Deppe v. R. Co., 38 Iowa, 592; Campbell v. Portland Co., 62 Me., 552; 16 Am. Reports, 503; Union Pacific R. Co. v. Young, 19 Kans., 488; Ketchum v. R. Co., 38 La., 777; Robinson v. R. Co., 48 Cal., 490; Atchison, &c., R. Co. v. Moore, 31 Kans., 197; Carthage Turnpike Co. v. Andrews, 102 Ind., 138; 52 Am. Reports, 653; Berg v. District of Columbia, 5 Mackey, 127; Solen v. R. Co., 13 Nev., 106; Shultz v. R. Co., 46 N. Y. Sup. C't, 211; Groves v. Rochester, 39 Hun., 5; Chicago, &c., R. Co. v. Holland, 18 Ill. App., 418; Alberti v. R. Co., 43 Hun., 421; L. & N. R. Co. v. Mitchell, 12 Ky. Law Reporter.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellee brought this action to recover of appellant damages for personal injury done under the following circumstances: Being a passenger on a railroad train that arrived from Louisville at Lebanon, the place of his destination, about 11 P. M., he, instead of getting from it upon the depot platform on the left, descended to the ground on the right side of the track, where

there were no lights kept or other arrangement made for reception of passengers, and in going towards the street usually traveled to and from the depot, he stumbled over an unseen water-box, and, falling, he was so close to the railroad track his left arm extended across one of the rails, and was run over and badly injured by wheels of the train, then moving away from the depot.

On the first trial the plaintiff recovered a verdict, but upon appeal to this court the judgment was reversed (see 93 Ky., 116), and the case is again before us for revision of a second verdict and judgment in favor of the plaintiff.

In the former opinion of this court it was held that, where a railroad company "has a platform and other facilities for entering and leaving the cars with safety on the depot side of the track, the failure to have the opposite likewise prepared as a place for entering and leaving the cars, can not be regarded as negligence. It may select and adhere to such arrangement of its depot and platforms as it may see fit, if those made are safe and commodious." This further language was used in the opinion: "Here the company's platform was on the left hand side of the track, and it was safe and commodious, and well lighted, and the appellee, by the use of ordinary prudence, could have left the cars and depot grounds with reasonable safety had he taken the platform side; but he preferred to leave the cars by the right hand side of the track, where there was no platform and no lights, and the company, not being bound to erect a platform on that side, and keep it lighted in the night-time, having

erected a safe and commodious platform on the other side, which was well lighted, his thus leaving the cars was at his own risk and peril."

The facts shown by the present record are not materially different from those before us on the former appeal, and consequently what was then decided must be now adhered to. The lower court, on the last trial, gave to the jury the following instruction: "If the preponderence of the evidence shows that by reason of the unknown, if unknown, to plaintiff, adoption of the platform on the left hand side in lieu of that on the right hand side, as the exclusive platform for use of passengers, and the inadequate lighting or illumination of the left hand side of the track at the time of the injury, to admonish plaintiff the left and not the right hand side was the exclusive platform for the use of passengers, the law is for the plaintiff for any damages resulting to him by reason of such failure by defendant, and so the jury should find; otherwise for the defendant."

That instruction seems to us not only a departure from the principles of law laid down in the former opinion, but misleading as to the facts proved. It is true, as the former as well as present record shows, that there was formerly a platform for use of passengers on the right side of the railroad track. But several years prior to 1890, when plaintiff was injured, the one on the left side was substituted, and has since been the only one used. But whether in language of the instruction, adoption of the platform on the left hand side in lieu of that on the right hand side was unknown to plaintiff, is not material; the true inquiry

for the jury being whether there was, at the time, a safe, commodious and well lighted platform on the left side, by which the plaintiff could, using ordinary prudence, have left the cars and depot grounds with reasonable safety.

The plaintiff himself testifies there was no light at all upon the right side, and as soon as he touched the ground, found, if unknown to him before, that there was no platform there; and, independent of other features of the case, it was negligence on his part to attempt to leave the depot ground by going so near as he did to the train that he knew would soon be in motion.

On the other hand the evidence makes it too plain for dispute that if plaintiff did not know, the exercise of ordinary care would have enabled him to discover the platform for use of passengers was on the left side of the train. All the passengers stopping at Lebanon got out on that side, including his traveling companion; the conductor and brakemen, with lanterns, were on that side; baggage was taken out on that side. Besides, the platform was unusually commodious, being in front of a railroad hotel, and not only was there a gas-lamp at each end of it, but there was in one portion of the hotel a telegraph office and in the other baggage-room.

It seems to us, as said substantially in the former opinion, that plaintiff's leaving the cars in the manner he did was at his own peril, and the evidence before us shows no cause of action against the defendant.

Wherefore, the judgment is reversed, and cause remanded for new trial consistent with this opinion.