## Chesapeake & Ohio Ry. Co. v. Robinson.

(Decided June 21, 1912.)

### Appeal from Floyd Circuit Court.

1. Railroads—Negligence.—It is not negligence per se for a passenger to step from a moving train.

2. Personal Injuries—Action for Damages—Second Trial—Instructions.—Where, upon the second trial of a suit for damages for personal injury, the evidence is practically the same as it was upon the first trial, and the trial court correctly gave the instructions directed by the opinion in the first appeal, a verdict for substantially the same sum as the first verdict, will be affirmed.

HARKINS & HARKINS; WORTHINGTON, COCHRAN & BROWNING and F. T. D. WALLACE for appellant.

MAY & MAY for appellee.

Opinion of the Court by Judge Miller—Affirming.

This is the second appeal of this action by William Robinson against the appellant for damages received by Robinson in alighting from appellant's train in Prestonsburg. Upon the first trial he recovered a judgment for $1,500, which was reversed for errors in the instructions to the jury. The opinion upon the former appeal is found in 135 Ky., 850, and states the facts fully and accurately. They need not be repeated here. The issues tried upon both trials related to the sufficiency of the announcement of the train's arrival at Prestonsburg, the lighting of appellant's platform at the station, the reasonableness of the time the train stopped for passengers to alight therefrom, and the appellee's negligence in contributing to his injury. Upon the former appeal the court directed, in terms, the several instructions which should be given upon these several issues, and upon the last trial the circuit judge carefully followed those directions by instructing the jury in the precise terms indicated by this court. Upon the second trial the jury returned a verdict for appellee for $1,900 damages, and from a judgment upon that verdict the defendant prosecutes this appeal.

The facts on this appeal are substantially the same as they were upon the first appeal; and, if they were stronger for appellant upon the question of the announcing of the station by the officers in charge of the train, and upon the question of the lights upon the platform, as is contended by appellant, there was, nevertheless, abundant evidence upon either side of these issues to carry the case to the jury. It is not contended that the instructions differ from those directed by this court in its former opinion; it is only contended that the court should have given other instructions offered by appellant. The court properly rejected these instructions, however, since the law of the case was fully presented by the instructions given.

Neither did the court err in overruling the appellant's motion to instruct the jury to find peremptorily for it. Upon this subject we had this to say in the former opinion:

"It is earnestly insisted for the defendant that the court should have instructed the jury peremptorily to find for it. This would be correct under the evidence if

the rule obtained in this State that it is per se negligence in a passenger to step from a moving train, but this court has steadily refused to adopt this rule, holding that it is a question for the jury whether the passenger in getting off as he did exercised ordinary care; for in many cases when a train is apparently moving very slowly it may reasonably appear to a prudent person safe to step from it. In view of our previous decisions and the evidence that the station was not announced, we have reached the conclusion that under the scintilla rule this case should go to the jury on the question whether Robinson, if the station was not announced, exercised reasonable care in getting off as he did.''

No complaint is made as to the admission or rejection of testimony; and the case having been properly submitted to the jury under instructions which fully and correctly gave the law of the case, there is no reason shown for disturbing the verdict. All the questions argued upon this appeal are concluded by the former opinion.

Judgment affirmed, with damages.