## Hayden v. Chicago, Memphis & Gulf Railroad Company.

(Decided November 12, 1914.)

### Appeal from Fulton Circuit Court.

1. Carriers—Passengers— Personal   Injuries — Contributory   Negligence of Person Injured—Leaving Conveyance.—It was negligence per se for a passenger to step off of a slowly moving train, in the dark, on the side of the train opposite the platform, and on ground known by the passenger to be more or less encumbered by debris.

2. Negligence—Action—Questions for Jury—Trial   by   Court.—Ordinarily contributory negligence is a question for the jury; but where the facts are uncontroverted and but one conclusion may be fairly drawn therefrom, the court may pass upon it as matter of law.

HESTER & HESTER for appellant.

DAVIS & ROBBINS, R. G. ROBBINS, TRABUE, DOOLAN & COX and R. V. FLETCHER for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Fred H. Hayden was injured in alighting from a passenger train operated by the Chicago, Memphis & Gulf Railroad Company, at a flag station known as Miller's Spur in Fulton County, and instituted this action in the Fulton Circuit Court against the railroad company to recover damages therefor. Upon a trial, the court at the close of the evidence for the plaintiff, directed a verdict for the defendant. Plaintiff appeals.

The railroad track at Miller's Spur runs approximately east and west. Immediately to the west of the spur or side track a public road crosses the railroad. About ten feet to the east of this county road and on the south side of the main track is a platform some fifteen or twenty feet long; and on the north side of the main track is the side track. Between this side track and the main track is a V-shaped piece of ground, which at the time plaintiff was injured, was encumbered with wire, logs, ties and other debris usually found around a siding where timber products are loaded and shipped.

On November 11, 1913, plaintiff boarded a C. M. & G. passenger train at Tiptonville en route to Miller's Spur, where he lived. The train was east-bound. It arrived at the Spur about eight o'clock p. m. When the station was announced, plaintiff who was in the smoker, went out the rear door thereof and turned to his right, down the steps on the rear end of the smoker, and on the north side of the train. The platform at the spur, as has been seen, was on the south side of the track; but plaintiff lived on the north side, and preferred to alight on that side. The brakeman was standing on the front platform of the coach immediately behind the smoker and on the platform immediately opposite that where the plaintiff was, when plaintiff stepped down the steps.

The manner in which he was injured may now be described in the plaintiff's own words:

"I started to step down off of the train. The train was rolling up. I thought once I would step, and I said, 'I will wait until it rolls over another turn:' and it rolled over, going just about like a man in a slow walk. I thought it was safe to step down, and I stepped down; and the train overbalanced me, jerked me backward, and as I was getting my balance and come forward, I stepped three or four steps, and stumped my foot against something."

Plaintiff fell with his arm across the rail, and his forearm was so badly mangled that amputation was necessary.

The place where plaintiff stepped off was approximately opposite the east end of the platform. The object which caused him to stumble and fall was a railroad crosstie which was lying on the north side of the main track about eight to twelve feet to the west of the point where plaintiff struck the ground when he alighted.

Plaintiff testified that just as he stepped off of the train, a sudden increase in the speed of the train caused him to lose his balance. He does not contend that he was jerked off, however, but admits that he stepped off voluntarily. He said that he took three or four steps after he got off on the ground, staggering in an effort to regain his balance, and fell over the crosstie. By his own testimony, and by that of one of his witnesses who examined the marks on the ground a short time after plaintiff was injured, it was shown that these three or four steps were taken in the direction opposite to which the train was moving. Just how this is to be accounted for we are at a loss to understand, and the record does not disclose. If he stepped off with his face turned in the direction in which the train was moving, the three or four steps doubtless would have been taken in that direction. On the other hand, had he stepped off with his face to the rear of the train, the effect seemingly would have been to have thrown him immediately upon his back, or at least to have caused a backward staggering in the direction in which the train was moving until he overcame the momentum caused by the movement of the train and regained his equilibrium. Plaintiff, however, contended that he staggered toward the rear of the train in an effort to recover his balance, having lost his balance in alighting owing to the sudden acceleration of the speed of the train.

This sudden increase of speed, it appears, was in response to a signal given to the engineer from the rear platform of the rear coach, and from the south side of that platform. Why this signal was given the evidence fails to disclose.

The trial court held that plaintiff was guilty of contributory negligence as a matter of law, and for that reason directed a verdict for the defendant.

1. The general rule is that ordinarily it is not negligence per se for a passenger to alight from a moving

train, when the train is proceeding at such a low rate of speed that it is safe to so alight. Ches. & Ohio Ry. Co. v. Robinson, 149 Ky., 258, 147 S. W., 886; Dallas v. I. C. R. R. Co., 144 Ky., 737, 150 Ky., 442; L. & N. v. Eakin's Admr., 103 Ky., 465; Ford v. Paducah Ry Co., 96 S. W., 441, 29 R., 752; I. C. R. R. v. Whitaker, 57 S. W., 465, 22 R., 395. But, if the train is moving at a rate of speed that makes it probably unsafe to alight, it is negligence per se to do so. L. & N. v. Moore, 150 Ky., 692; Glasscock v. C. N. O. & T. P., 140 Ky., 725; Hewlett v. L. & N., 15 R., 170; Adams v. L. & N., 82 Ky., 608.

But the conditions under which the passenger alights, other than the speed of the train, must also be considered in determining the existence or absence of negligence in the act of alighting therefrom.

This distinction was recognized in L. & N. v. Mounts, 125 Ky., 593, in which the court said that while stepping from a train at the place there involved, might have been attended with no danger, if the passenger alighted at the place in the day time, yet, to do so at night without a light might be attended with considerable danger.

In Hunter v. L. & N. (Ala.), 43 So., 802, 9 L. R. A. (N. S.), 848, a passenger was injured in alighting from a train. The court, in the course of the opinion, said:

"We recognize the general rule that alighting from a moving train is not necessarily negligence per se; but as was said in Watkins v. Birmingham, etc., 120 Ala., 152, 24 So., 394, 43 L. R. A., 297: 'There may be, it is true, exceptional circumstances attending the attempt thus to alight, such as the great speed of the train, the age or infirmity of the passenger, or his being encumbered with bundles or children, or other facts which render the attempt so obviously dangerous that the court may, where the testimony is undisputed, declare as matter of law, that the passenger's conduct was reckless and negligent.' "

In Hughlett v. L. & N., 22 S. W., 551, 15 R., 178, the court held that where a passenger familiar with the environments stepped off of a passenger train in the dark, while it was moving, and on the side opposite to the depot, he was guilty of contributory negligence.

In L. & N. v. Depp, 33 S. W., 417, 17 R., 1049, the court held guilty of contributory negligence as matter of law, a passenger who stepped off of a passenger train in

the dark, although in that case the speed of the train was greater than in the case at bar.

The case of L. & N. v. Ricketts, which was four times before this court, is very similar to the case at bar. See (1) 93 Ky., 116, (2) 96 Ky., 44, (3) 37 S. W., 952, 18 R., 687, (4) 52 S. W., 939, 21 R., 662. In that case, Ricketts alighted from the train at Lebanon about eleven o'clock at night, on the side of the train opposite the depot platform, being familiar with the surroundings; and while walking along in the dark he fell over an obstruction, his arm was thrown across the track, and the train ran over it, necessitating its amputation. In that case, the court held that he was guilty of contributory negligence.

In the case at bar, plaintiff stood upon the steps of the coach for some little time before he stepped off. He himself testified that he was observing the speed of the train; that he knew, notwithstanding the darkness, the place where he alighted. He exercised his own judgment, making his own calculations; and in the dark stepped off of a slowly moving train slowing down for the purpose of stopping to permit him to alight; alighting on the side of the track opposite the platform, upon ground known by him to be more or less encumbered by debris, he having lived within three hundred feet of the place for about a year. We have no doubt that under this state of facts he was guilty of contributory negligence, and that but for his own fault, he would not have been injured.

Nor is it material that passengers alighting at Miller's Spur had theretofore gotten on and off trains on the north side of the track as a matter of convenience to themselves. It was so held in the Ricketts case, *supra.*

And, as plaintiff himself was negligent, and but for his negligent act would not have been injured, the sudden acceleration in the speed of the train, just as he alighted, does not enable a recovery against the defendant for his injuries.

2. Ordinarily contributory negligence is a question for the jury. But where the facts are uncontroverted, and but one conclusion may fairly be drawn therefrom, the court may pass upon it as matter of law. L. & N. v. Eakin's Admr., 103 Ky., 465, and authorities cited therein; Dallas v. I. C. R. R., 144 Ky., 737; Dailey v. So. Cov. & Cin. Ry. Co., 158 Ky., 64.

The trial court properly directed a verdict for the defendant.

Judgment affirmed.