## Louisville & Nashville Railroad Company v. Weldon.

(Decided June 18, 1915.)

### Appeal from Webster Circuit Court.

1. Negligence—Contributory Negligence—When A Question of Law.— The rule is that contributory negligence is ordinarily a question for the jury; but where from the uncontroverted facts but one reasonable inference may be drawn the court will pass upon it as a matter of law.

2. Railroads—Defective Appliances—Liability to Employees of Shipper.—A railroad which furnishes to a coal company a defective car knowing that it will be operated by the servants of the coal company is liable to a servant of the coal company for injuries resulting from the defective condition of the car, if the coal company exercised ordinary care to discover the defect and failed to find it and the railroad company knew or by the exercise of ordinary care could have known thereof. Hence in an action against a railroad by a servant of the coal company for injuries so resulting, the servant must prove as a basis for recovery from the railroad company, that the coal company exercised ordinary care to discover the defect and failed to find it.

CHARLES H. MOORMAN, YEAMAN & YEAMAN, BENJAMIN D. WARFIELD and N. B. HUNT for appellant.

BAKER & BAKER and BOURLAND & BLACKWELL for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

The Diamond Coal Company operates a coal mine in Webster County on the line of the Louisville & Nashville Railroad Company. The tracks of the coal company were so arranged that empty cars were placed on the upper end of a switch which was constructed on a downgrade through the tipple and down to the scales where the cars were weighed. The empty cars, as needed, were dropped or let down by gravity to the tipple, where they

were loaded, and then let down to the scales, the movement of the car being controlled by the hand-brakes thereon.

On September 30, 1912, appellee, Dan Weldon, was injured while dropping a loaded car from the tipple down to the scales, his injuries rendering necessary the amputation of a leg; and alleging that same were caused by a defective brake on the car, he sued the Louisville & Nashville Railroad in the Webster Circuit Court to recover damages therefor, the railroad company having delivered the car to the coal company. A trial having resulted in a verdict and judgment in plaintiff's favor in the sum of $600, the defendant appeals.

Appellee and one John Cummins were on the date mentioned employed by the coal company, their duties being to move empty cars down to the tipple to be loaded, and to take them on down to the scales after they were loaded.

Cummins had brought the car by which appellee was injured down from the head of the "empty" track to the tipple. In doing so, he discovered that the brake on the car was defective in that the chain was so long that it was not possible to cause the brake-shoe to press the wheels of the car with sufficient force to give absolute control thereof; but he did not communicate this fact to Weldon; he testified that the fact that the chain was too long was plainly discernible from the front of the car.

After the car had been loaded at the tipple, appellee was performing the duty of dropping it from the tipple down to the scales. He testified that it was about one hundred or one hundred and fifty yards from the tipple down to the scales, and concerning the manner in which he was injured, he said:

"I started to let that car down, and I got on it, and got a little piece from—well, about two-thirds of the way from where it was standing, down to the scales—and I noticed a pinch-bar laying on the right-hand rail. I applied the brakes, and set them up and put the dog in the ratchet, and got down and went down, and got down on the left side as I was standing on that side; and I went down and got nearly down there; I crossed over to go get the pinch-bar off the track, and I reached down to get the pinch-bar, and just as I got about straight, I

noticed the car right on me, and I threw it down, and about that time it hit me."

He further testified that when he discovered the pinch-bar, the car was moving a little faster than a man walking; and when asked whether, when he got off of the car, he walked or ran down to where the pinch-bar was, he said: "I was just jogging along. Q. Sort of a·trot? A. Yes, sir;" that when he got to where he started across the track to get the pinch-bar, he did not look back, as he thought the car had stopped, as he had stopped them there before that.

It was shown in evidence that shortly after the accident appellee made a written statement to the representative of the indemnity insurance company. in which the coal company was insured, in which statement he said:

"I was riding on the front end of the car where the brake was. When the car got about half-way to the scales I saw a pinch-bar laying lengthwise on top of the left rail, about the end of the scales. I don't know how the bar became on the rail. When I saw the bar on the rail I tried to apply the brake, and then I got off the car and run down and moved the pinch-bar. I then aimed to get back on the car, and saw that the step was on the other side of the car from where I was. I started across the railroad track in front of the car, and my foot slipped, the other foot went down under the scales, the car ran up on me and knocked me down and ran over my foot." The making of this statement is undenied by appellee, nor does he attempt to explain it.

1. The rule is that contributory negligence is ordinarily a question for the jury; but where from the uncontroverted facts but one reasonable inference may be drawn, the court will pass upon it as a matter of law. Hayden v. C. M. & G. R. Co., 160 Ky., 836, 170 S. W., 200; Wiley v. C., N. O. & T. P. Ry., 161 Ky., 305, 170 S. W., 652.

And, even taking the evidence offered by appellee upon the trial as the true version of the manner in which he was injured (and this must be done upon a motion for directed verdict), the facts admitted and proven permit of but one conclusion, which is, that appellee was injured through his own carelessness. It was not sufficient that he should assume that the car had stopped before going upon the track in front of it; it was his duty to know

whether it had stopped or not; and his failure to inform himself of this fact was the grossest negligence.

2. Moreover, in these cases where a defective car is furnished by the railroad company to a coal company to be loaded, the rule is that it is the duty of the coal company to exercise ordinary care to discover any defects in the car in question that might interfere with its safe operation, and if the coal company knows, or by the exercise of ordinary care could have known, of the defective condition of the brakes, the railroad company is not liable, while, on the other hand, if the coal company does not know, and could not by the exercise of ordinary care have known of the defective condition of the brake, and the railroad company knows, or by the exercise of ordinary care could have known, of this defective condition, then the railroad company is liable. Franklin's Admr. v. L. & N., 155 Ky., 594, 160 S. W., 162.

And, as was said by this court in L. & N. v. Franklin's Admr., 165 Ky., 595, this day decided, the primary fact to be established by the plaintiff as the basis of recovery against the railroad company is that the coal company exercised ordinary care to discover the defective brake, and failed to do so.

Now, there is no evidence that any effort was made by the coal company to discover any defects in the car which might interfere with its safe operation. Upon this subject there is an absolute failure of proof. And under the rule of the Franklin case, if the coal company failed to exercise ordinary care to discover defects in the car, there could be no recovery from the railroad company.

But, if for the sake of argument it be conceded that Cummins was acting for the coal company in this respect, when he discovered the defective condition of the brake, then the knowledge of the defect which he acquired, was the coal company's knowledge; and under the rule of the Franklin case, the coal company having knowledge of the defect, there can be no recovery against the railroad company.

So, under the facts here shown, appellee was not entitled to recover against appellant, regardless of the question of contributory negligence; and the trial court should have directed a verdict for the defendant.

Judgment reversed.