GIBSON v. ALLEN-WEST COMMISSION COMPANY.

Opinion delivered March 31, 1919.

1. TRIAL—DIRECTED VERDICT ASKED BY BOTH SIDES.—Where trial is before a jury, and at the conclusion of the testimony both sides ask for a directed verdict, and neither side asks any other instruction, the court is warranted in finding the facts and directing a verdict in accordance therewith.

2. LANDLORD AND TENANT—ESTOPPEL BY ATTORNMENT.—Where a tenant has attorned to the landlord's immediate predecessor in possession and title, he can not thereafter dispute the landlord's right of possession without having first surrendered possession.

Appeal from Miller Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*J. M. Carter,* for appellants.

1. The testimony shows that Sevilla Gibson was in lawful possession of the land for many years under claim of title that she and her husband occupied the land for twenty years or more, that her husband died in possession, and after his death she occupied the land in person or by her tenant. Weston Gibson claimed the land under purchase and died in possession. Rosenberg, the former owner, during his life told her the place was hers for a lifetime home, and for her to pay the taxes, and she did. This permission was sufficient interest or ownership for her to hold the land against appellee but against all others, as she was in possession, which was notice to the world of her claim. 55 Ark. 294. Even if the judgment against Weston is supported by the evidence, yet as to Sevilla Gibson there is a total want of evidence to sustain it. A verdict should have been directed for both defendants as asked.

*Moore, Smith, Moore & Trieber,* for appellee.

1. This is unlawful detainer, and Weston claims no interest in the land; he was a tenant, but his lease had expired, and he refused to vacate or pay rent. Mrs. Gibson was also a tenant, but seeks to set up a defect in appellee's title. A tenant can not dispute the landlord's title. He must first surrender possession and then bring

suit. 84 Ark. 220. Both parties asked a peremptory instruction only, and thus the court's direction in favor of appellee has the effect of a verdict of a jury and is conclusive. 105 Ark. 25; 118 *Id.* 134; 63 Ark. Law Rep. 331. Both appellants were tenants by permission only, and were holding over unlawfully. 2 Tiffany, Landlord & Tenant, par. 2730; 16 R. C. L. 1182; 120 Am. St. Rep. 55; 66 Ark. 145. The judgment should be affirmed as to both appellants, as no valid ground is shown for disturbing a judgment on the equivalent of a verdict by a jury.

SMITH, J. Appellee recovered judgment against appellants in unlawful detainer brought to recover possession of a certain eighty-acre tract of land, of which about sixteen acres were in cultivation. As ground for the reversal of the judgment it is insisted that the testimony establishes the following facts: That the land was occupied by Manuel Gibson and his wife, Sevella Gibson, for twenty years or more; that Gibson died in possession of the land and claiming title thereto, and that since his death Sevella has occupied the land either in person or by her tenant and co-appellant, Henry Weston, who is also her son-in-law. It is also insisted that while the proof does show that Weston during the year prior to the institution of this suit occupied the land as the tenant of appellee, no showing of tenancy is made as against Sevella Gibson, and that the judgment should have been rendered against Weston alone and not against her. The trial was before a jury, but at the conclusion of the testimony both sides asked a directed verdict and neither side asked any other instruction; and the court was, therefore, warranted in finding the facts and in directing a verdict in accordance with that finding. *Webber* v. *Rodgers,* 128 Ark. 25. So that the question for us to determine is whether the testimony, viewed in the light most favorable to appellee, is legally sufficient to support the finding made in its favor. When thus viewed, the testimony may be stated as follows: Appellee had succeeded, in some manner not shown in the record, to the title and right of possession of one Rosenberg, from

whom Sevella Gibson had rented the land for several years. Indeed, upon her cross-examination she admitted having paid rent on the land to Rosenberg for five or six years; and according to one witness who testified in appellee's behalf Sevella first rented the land in 1912 or 1913 and rented the land for three or four years, while appellee had acquired the Rosenberg title in 1915 or 1916. If this witness was correct—and Sevella Gibson denies that he was—then Sevella herself became appellee's tenant.

Appellee's representative and agent testified that after Sevella Gibson left the land it was rented to Weston for the year 1917, and the rent for that year was paid, and that Weston continued to occupy the land for the year 1918, but refused to pay the rent for that year, whereupon this suit was brought. Sevella Gibson admitted that she had spent most of the years 1917 and 1918 away from the land, but denied that she had abandoned her claim of dower and homestead and the privilege to occupy under those rights, and testified that her temporary absence was occasioned by the attention she was required to give to two afflicted sons, who did not live on the land, and that during her absence her possession was continued by Weston, her tenant and son-in-law.

But, as has been said, the court was warranted in finding that Weston had attorned to appellee, and even if Sevella herself had not done so, she had attorned to appellee's immediate predecessor in possession and title, and having done so, they could not thereafter dispute appellee's right of possession without having first surrendered this possession. *James* v. *McDuffy,* 202 S. W. 821; *Burton* v. *Gorman,* 125 Ark. 141-144, 145; *Adams* v. *Primmer,* 102 Ark. 380-382-383; *Dunlap* v. *Moose,* 98 Ark. 235; *Washington* v. *Moore,* 84 Ark. 220.

Judgment affirmed.