**JEFFERS et ux. v. BREWER et ux.
(No. 7243.)**

(Court of Civil Appeals of Texas. San Antonio.
Dec. 10, 1924.)

1. **Trial ⬞177—Each side approves testimony as a finding in their favor where both file written requests for instructed verdict.**

Where both parties file requests in writing for an instructed verdict, such action indicates that each side approves testimony as a finding in their favor of the sufficiency of the facts for that purpose.

2. **Continuance ⬞27—For newly discovered evidence held properly denied.**

Continuance for newly discovered evidence was properly denied where it was cumulative and related to impeaching evidence, and if introduced would not have caused a different result, it not appearing that it had come to defendants' knowledge since trial or that it could not have been sooner discovered by any diligence.

3. **Appeal and error ⬞966(1) — Continuance ⬞7—Motion addressed to sound discretion of trial court.**

Motions for continuance are addressed to sound discretion of trial court, and unless such discretion is abused its judgment will not ordinarily be disturbed.

Appeal from Bexar County Court; McCollum Burnett, Judge.

Action by Elmer Brewer and wife against S. L. Jeffers, Frances Jeffers, and J. J. Dent. Judgment for plaintiff against defendants Jeffers, and judgment for defendant Dent, and defendants Jeffers appeal. Affirmed.

Douglas, Carter & Childers, of San Antonio, for appellants.

Lamar Thaxton, of Mason, and Alfred P. C. Petsch, of Fredericksburg, for appellees.

COBBS, J. Elmer Brewer and May Brewer, appellees herein, brought this suit against S. L. Jeffers, Frances Jeffers, and J. J. Dent, appellants, to recover the sum of $425.74, with 6 per cent. interest per annum from the 23d day of June, 1921, for wages and services performed for appellants. The appellants filed full exceptions, pleas, denials, and special answer, pleading payment of the amount alleged to be due appellees, except a balance admitted to be due of $88.44, which was tendered and refused by appellees.

The appellants deny agency, and that appellee was employed by them, or by any one else authorized to do so. They plead the coverture of Frances Jeffers, and that she cannot be held to be personally responsible to appellees. They also pray for judgment over against the codefendant J. J. Dent for any sum of money appellees may recover against either of them. J. J. Dent filed sufficient responsive pleading to the cross-pleading of appellants.

[1] Both parties filed requests in writing for an instructed verdict, which was refused. Such action may and does indicate that each side approves the testimony as a finding in their favor of the sufficiency of the facts for that purpose.

The case was tried with a jury upon special issues which, with the answers of the jury, are as follows:

"(1) Was the defendant Dent acting within the scope, or apparent scope, of his authority in employing plaintiffs on the ranch in question at the salary or wages he (the said Dent) agreed to pay them? Answer 'Yes' or 'No.'

"Answer: Yes.

"In connection with the foregoing question you are instructed that the term 'within the apparent scope of authority' means that authority of an agent (employee) which he appears to have by reason of the nature of his duties, or by reason of some act or conduct on the part of his principal (employer).

"In the event you answer the foregoing question 'Yes' you need not answer the following question, but if you answer the same 'No' then answer this question:

"(2) What was the reasonable value (if any), per month, of the services rendered by plaintiffs on said ranch (a) from October 1, 1920, to April 15, 1921; (b) from April 15, 1921, to June 23, 1921? Answer, stating the amount, if any, per month.

"Answer: (a) ——; (b) ——.

"(3) Was the defendant Dent authorized by the defendant S. L. Jeffers to employ plaintiffs on said ranch at the salary or wages he (the said Dent) agreed to pay plaintiffs? Answer 'Yes' or 'No.'

"Answer: Yes."

Judgment was rendered for appellees against S. L. Jeffers and Frances Jeffers jointly for the sum of $419.27 with 6 per cent. interest from June 24, 1921. No recovery was had in the case for either party against J. J. Dent, who was allowed to recover his costs against appellants.

We have carefully considered the case and conclude that the testimony fully supports the findings of the jury. The property was the separate estate of Frances Jeffers, and the work was performed at her request and for the benefit of her separate property. Her husband owned considerable interest in the property, and appellees worked for both.

[2, 3] Complaint is made that the court erred in not granting the appellants' application for a continuance. The alleged newly discovered evidence seems to be only cumulative and relating to impeaching evidence. It

is not apparent that the alleged evidence, if introduced, would cause a different result. It is not made to appear clearly that the evidence came to appellants' knowledge since the trial, or could not have been sooner discovered by any diligence. Such motions are always addressed to the sound discretion of the ·trial court, and wisely so, because the trial court is on the ground and better qualified to pass upon the merits of the motion than the appellate court.

Hence, unless it appears that the trial court abused its discretion or acted arbitrarily, its judgment in respect thereto will not ordinarily be disturbed.

We think the case has been fairly tried and substantial justice administered. Finding no reversible error assigned, the judgment is affirmed.