**TIBLIER et al. v. PEREZ et ux. (No. 7413.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 4, 1925.)

**1. Trial ⬤—177—Parties' request for instructed verdict in case tried by jury waives jury, and they cannot complain of court's action resolving any issues against them.**

Where suit to recover land claimed as homestead was tried with a jury, and at conclusion of evidence both parties requested instructed verdict in their behalf, the parties are regarded as waiving a jury and approving testimony by each in their favor, thus electing to take action of court as final, and neither can be heard to complain of court's action resolving any issue against them, or in failing to submit issue to jury, where this was not requested.

**2. Appeal and error ⬤—262(2), 719(6) — Instructed verdict where there is sufficient evidence to go to jury is fundamental error, but such error should be presented on appeal in assignment of error.**

An instructed verdict when there is sufficient evidence to go to jury constitutes fundamental error, and exception to court's charge is not necessary, but such error should be presented to appellate court in an assignment of error and proper proposition presenting identical question.

**3. Homestead ⬤—133—Instructed verdict granting plaintiff land as homestead held proper.**

In suit to recover part of land conveyed by deed of trust to secure a note and sold on default in payment of note, which land was claimed as a homestead after notice of sale, on evidence showing that no other part of land was claimed as a homestead when deed was executed, that plaintiff was using such part for farming, that he had made plans to move with his family thereon prior to execution of deed of trust, but was prevented from so doing by illness of wife and want of money, and, though controverted, that he could neither read nor write and understood deed not to cover part claimed, an instructed verdict for plaintiff was proper, in view of Const. art. 16, § 51.

**4. Homestead ⬤—129(1)—Grantor under deed of trust held to be put on notice of grantee's open and exclusive possession and claim of homestead rights.**

Though nothing was said at or before execution of deed of trust in regard to homestead claim of part of land, the grantee was put on notice of grantor's open and exclusive possession, use, occupation and claim of ownership and homestead rights, whatever the declaration to the contrary, in view of Const. art. 16, § 51.

Appeal from District Court, Duval County; Hood Boone, Judge.

Suit by Anastacio Perez and wife against Leonie Tiblier and others. From a directed verdict for plaintiffs, defendants appeal. Affirmed.

S. H. Woods, of Alice, for appellants.
Perkins & Floyd, of Alice, for appellees.

COBBS, J. Appellee instituted this suit in the district court of Duval county against appellants to recover 200 acres of land.

On the 4th day of January, 1922, appellees gave a deed of trust on 547.87 acres of land in Duval county to appellants to secure one promissory note for $1,785. Default being made in the payment of said note, the property was advertised for sale, and on the 2d day of September, 1924, was sold by the trustee to pay the debt, and bid in by the appellants. After the notice of sale was published

appellees had 200 acres of said land surveyed and designated it as their homestead. The contention of appellees was that no title of the 200 acres passed by the sale, because the sale was void as to it on account of its homestead character.

[1] The case was tried with a jury, and after all the evidence was in both parties requested an instructed verdict in their behalf. Whereupon the court instructed a verdict for appellees. This, of course, must be treated on the part of each side as a waiver of the jury and an approval of the testimony by each party in their favor, thus electing to take the action of the court as final, and cannot be heard, either one of them, to complain of the court's action resolving any issue against them. L. & N. R. R. Co. v. Weldon, 165 Ky. 654, 177 S. W. 459; L. & N. R. R. Co. v. Chambers, 165 Ky. 703, 178 S. W. 1041, Ann. Cas. 1917B, 471; Gibson v. Allenwest Commission Co., 138 Ark. 172, 211 S. W. 142; Security Life Ins. Co. of America v. Bates, 144 Ark. 345, 222 S. W. 740.

Appellants filed no assignments of error of any kind; if so, none are found in his brief. The proposition is that the court should have submitted the issue to the jury. No issue was requested to be submitted to the jury by appellants, but the effect of the written motion made by appellants to instruct a verdict was tantamount to a withdrawal from the jury any matter or issue of fact, and for the court as a matter of law upon the facts admitted to pass to appellants a judgment for the land. In support of their contention they cite Henderson & Grant v. Gilbert (Tex. Civ. App.) 171 S. W. 304.

[2] That case does not support appellants' contention. An instructed verdict when there is sufficient evidence to go to the jury constitutes fundamental error. There are many decisions to that effect; and for that reason an exception to the charge of the court is not necessary. But the error should be presented to the appellate court in an assignment of error and proper proposition presenting the identical question. Nogals Oil & Gas Co. v. Merchants' & Planters' Bank (Tex. Civ. App.) 264 S. W. 341; Ford & Damon v. Flewellen (Tex. Civ. App.) 264 S. W. 602; Jeffers et ux. v. Brewer et ux. (Tex. Civ. App.) 266 S. W. 1110; Moore et al. v. Knemeyer (Tex. Civ. App.) 271 S. W. 653.

[3] It was shown that the 200 acres claimed as a homestead were a part of the larger tract of 547.87 acres, and at the date of the execution of the deed of trust he had no other homestead and claimed the 200 acres alone as the homestead of himself and family and was using it as such by grazing goats and cattle thereon; his occupation at that time being that of a stock raiser and farmer; that he had made plans and arrangements to build a home on that particular land and move his family thereupon, prior to the execution of the deed of trust, but that on account of the illness of his wife, who had been sick for several years and was still ill at the time of the trial, he was prevented from carrying out his purpose.

Appellee acquired these 547 acres, known as share No. 1, through the partition of his father's estate, and soon after began grazing his cattle on the land and making preparations to build a house thereon to live in. He was a farmer and stockman, making his livelihood by farming and raising cattle and goats. He built a fence around a portion of the land, and made arrangements with a carpenter to build a house thereon, but was prevented from doing so on account of the illness of his wife and want of money for that purpose.

Appellee states that he could neither read nor write and understood at the time he gave the deed of trust that it was only on 347.87 acres; but the testimony on that point is controverted. However, it is not contradicted that he was living upon a rented place near the land, at that time, and grazing his cattle upon the particular 200 acres claimed by him as the homestead of himself and his family, and upon other land under one fence.

[4] Upon these facts the verdict was instructed. It is true, while nothing had been said at or before the execution of the deed of trust in regard to the homestead claim, that appellant was put on notice of the appellee's open and exclusive possession, use, occupation, and claim of ownership and homestead rights, whatever the declaration to the contrary. Haswell v. Forbes, 8 Tex. Civ. App. 82, 27 S. W. 566. However far, we may think, the doctrine of homestead claim may have been stretched, yea to the breaking point, still we must approve the judgment of the trial court. Section 51, art. 16, Constitution of State of Texas; Baldeschweiler v. Ship, 21 Tex. Civ. App. 80, 50 S. W. 644; Parsons v. McKinney, 63 Tex. Civ. App. 617, 133 S. W. 1084; Autry v. Reasor, 102 Tex. 123, 108 S. W. 1162, 113 S. W. 748; Haswell v. Forbes, supra.

The idea of the homestead law is to benefit the family, and appellee's business was that of farming and stockraising. He was wresting a living from the use of this land. He had no other home, and to sustain such a claim it made no difference whether he erected a castle costing millions thereon, or had the intent and hope of erecting some humble kind of improvement to shelter the heads of himself and family. His purpose and intent was as great and noble as that of any other homesteader, and he has thereby secured the approval of the law.

We find no reversible error properly raised or assigned, and therefore affirm the judgment of the trial court.