| 24 | 831 |
| 28 | 565 |
| 24 | 831 |
| 37 | 252 |
| 24 | 831 |
| 39 | 43 |
| c39 | 618 |
| 24 | 831 |
| 50 | 234 |

## ORLEANS VILLAGE, PLAINTIFF IN ERROR, V. GEORGE S. PERRY, DEFENDANT IN ERROR.

1. **Injuries to Person**: NEGLIGENCE: QUESTION FOR JURY. Where, in an action for damages resulting from a fall into an excavation in a sidewalk, it was shown by the evidence that the plaintiff knew of the excavation across the sidewalk, and that on a dark night he attempted to pass that way, and remembering the defect attempted to pass around it, but by reason of misjudging the distance, and the excavation being unguarded, he fell into it and was injured. It was *Held,* That the question of his contributory negligence was for the jury to decide under all the circumstances as shown by the evidence.

2. **Instructions.** The modification of instructions set out in the opinion at length, *Held,* No error.

3. **Remittitur.** Verdict of the jury, *Held*, To be excessive, and judgment reversed, unless defendant in error enter a *remittitur* of $2,000 within thirty days.

ERROR to the district court for Harlan county. Tried below before GASLIN, J.

*L. H. Kent* and *Lamb, Ricketts & Wilson*, for plaintiff in error, cited: *Joliet v. Seward*, 86 Ill., 402. *Potter v. R. R.*, 21 Wis., 372. *Shafer v. Sandusky*, 33 Ohio State, 246. *Corlett v. Leavenworth*, 27 Kan., 673. *O'Keefe v. R. R.*, 32 Iowa, 467.

*Case & McNeny*, for defendant in error, cited: *Hart v. Township*, 24 N. W. Rep., 410. *Lyman v. Hampshire*, 3 N. E. Rep., 211. *Delger v. St. Paul*, 14 Fed. Rep., 567.

REESE, CH. J.

The original action in this case was brought by defendant in error against plaintiff in error for the recovery of damages for a personal injury received by falling into an excavation in the sidewalk, made by the owners of abutting property during the course of the erection of a building. The excavation for the area extended nine feet into the street, and was of the width of the building then under construction. The sidewalk was twelve feet wide at the point where the excavation was made. The injury is alleged to have occurred on the 9th day of August, 1888. The village, by its answer, denied generally the allegations of the petition, alleging affirmatively that whatever injury defendant in error sustained was caused by his own negligence.

The cause was tried to a jury, who found a verdict in favor of defendant in error, and assessed his damages at $5,000. Plaintiff in error brings the cause into this court by proceedings in error for review.

Three questions are presented by the brief of plaintiff in error:

*First.* That defendant's injury was the result of his own negligence.

*Second.* That the court erred in modifying certain instructions requested by plaintiff in error, and in giving them as modified, over its objections.

*Third.* That the verdict is excessive, and appears to have been given under the influence of passion and prejudice, and is not sustained by the evidence, or the instructions of the court.

We will briefly notice these contentions in the order in which they are presented. It appears from the evidence that defendant in error resided in the village of Orleans, and on the evening in question was in one of the places of business, near the excavation referred to, when a storm came up, and it commenced to rain. The place where he was prior to starting home was one or two lots south of the one in front of which the excavation was made, the door of which was between thirty and forty feet from the excavation. He knew of the excavation, having passed it frequently, and knew that it was dangerous, or at least had seen it when it was not sufficiently protected. When he started home it was quite dark; when nearing the excavation he changed his course so as to pass around it, as he supposed, but, to use his own language, he "made a misjudgment on the distance, and instead of going around it, stepped over into it." The distance to the bottom was about eight feet, where a number of loose rock and stones were laying, and he received the injury by falling and striking upon them. The question of the negligence of defendant in error was submitted to the jury, with proper instructions for their guidance. The question here presented is, whether the facts stated by defendant in error and his witnesses show such a degree of negligence as to require the trial court to have virtually withdrawn the

53

question from the jury, or whether such a condition was shown as would require the court to submit this question of fact to them under proper instructions.    We think the court did right in referring the whole question of the negligence of defendant in error to the jury for their decision. In order to justify the court in refusing to submit the question of negligence to the jury, it must have appeared that as matter of law contributory negligence was conclusively shown (*Maultby v. Leavenworth*, 28 Kan., 745), and the fact that defendant in error was aware of the excavation and tried to pass around it, although competent for the jury to consider as bearing upon the question of negligence, is not of itself conclusive proof of such negligence as would preclude his recovery.    *Lowell v. Tp. of Watertown*, 25 N. W. Rep., 517.    *Cuthbert v. The City of Appleton*, 24 Wis., 383.    *Kelley v. R. R. Co.*, 28 Minn., 98.

A large number of instructions were given to the jury by the court upon its own motion.    They were prepared with considerable of care, and doubtless cover substantially every phase of the case.

Plaintiff in error requested the court to give the following instruction:

"1.    While the plaintiff had a right to presume that the defendant's sidewalks were in good repair, and was only bound to exercise ordinary care, yet, if the jury found (find) from the evidence that the plaintiff was apprised and knew of the excavation in the sidewalk before receiving the alleged injury, then the presumption of good repair ceased, and you will find for the defendant, unless you further find that the plaintiff thereafter exercised extraordinary care and precaution, and was so exercising extraordinary care and precaution at the time of the alleged injury."

This instruction was given by the court, with the following modification:

"Modified as follows: Bearing in mind that his, plaintiff's, knowledge of the defective condition of the street is

important for your consideration, and if he knew that the street was defective, it was his duty to use much greater care and caution than otherwise. But if you find, under all the circumstances, the plaintiff was using ordinary care, and the want of ordinary care of the defendant was the cause of plaintiff's injury, and no negligence or want of ordinary care of plaintiff directly contributed to the injury complained of, you will find for plaintiff."

To this modification, and to the giving of the instruction as modified, plaintiff in error excepted. We do not believe the court erred in modifying the instruction, or in giving the instruction, as a whole, when so modified.

While it appears that defendant in error knew there was a dangerous excavation in the sidewalk, yet it does not appear that he knew that it was left unguarded on the night in question. While it was necessary that he use care commensurate with the danger, yet it was not necessary that he should presume that the village, or those constructing the work, would be so careless as to leave it entirely unguarded. As is said in the modification, it was necessary greater care should be used by him, in consequence of his knowledge of the defective condition of the street, but if the jury find that under all the circumstances he was using ordinary care, he could recover, if plaintiff in error had been guilty of negligence to the extent of the want of ordinary care in connection with the excavation.

The second instruction asked by plaintiff in error was as follows:

" The jury are instructed, as a matter of law, that if the plaintiff was guilty of any negligence, however slight, which contributed to the injury complained of, he cannot recover."

This instruction was modified by the addition of the following:

" Modified as follows: Provided such negligence directly contributed to the injury complained of."

The modification of the instruction is now assigned as error.

It is very difficult to say how this modification could affect the instruction to the injury of the plaintiff in error, or otherwise, as it is substantially the same as the instruction asked, with the addition of the word "directly," placed before the word "contributed." The instruction as modified would read: "If defendant in error was guilty of any negligence, however slight, which directly contributed to the injury complained of, he could not recover."

This, we think, would be at least as favorable to plaintiff in error as it would be entitled to.

The fourth instruction asked was as follows:

"If the jury believe from the evidence that there was a slight want of ordinary care, which contributed to the injuries complained of, the plaintiff cannot recover, unless the jury further find the negligence on the part of the defendant was so gross as to justify the jury in finding that the alleged injury was caused by defendant or its servants."

This was modified by the court by the addition of the following:

"Although there may have been slight negligence, and slight want of ordinary care, on the part of plaintiff, he is entitled to recover in this case if injured, as alleged, by the negligence and want of ordinary care of defendant, and could not by the exercise of ordinary care and prudence (have) avoided the consequence of defendant's negligence and want of ordinary care."

The modification is simply to the effect that, even had defendant in error been guilty of slight negligence, yet, if the negligence of plaintiff in error was such that defendant in error could not, by the exercise of ordinary care and prudence, have avoided the consequence of plaintiff's negligence, then such slight negligence or want of ordinary care on his part would not defeat his recovery. We cannot see that plaintiff in error was prejudiced by the modification of the instruction asked.

The last contention of plaintiff in error, we think, is well founded. The principal injury received by defendant in error was the laceration of the right arm, evidently caused by striking it against some blunt instrument, perhaps the rough edge of a rock, in his fall. His right hand is somewhat smaller than the left hand, and flexed at the wrist joint. The circulation is impaired, and he now has but slight, if any, use of that hand and arm. The arm also seemed smaller than its mate, and the muscles of the right hand are flabby and unnatural. It was shown by the testimony of a number of witnesses that the flexed condition of the hand was caused, principally perhaps, by the injury. The tendons being somewhat lacerated, some of them, possibly, severed. The withered condition of the hand and arm are shown to have been caused by want of circulation and the lack of nervous energy. The injury being upon the inside of the wrist, perhaps severed some of the arteries, injured the tendons and nerves, which has resulted in inactivity, or the failure to use the hand and arm. To this inactivity is traceable, to a considerable degree, the want of circulation, the flexed condition of the wrist and hand, as well as the withered or lessened condition of the hand and arm. While the injury was very painful, and is, no doubt, a source of great annoyance and pain, even at the present time, yet we think it sufficiently appears from the testimony of the physicians who testified in the case that, with a proper use of hand and arm they may be restored to a great extent, and defendant in error relieved of what now appears to be a permanent injury and total loss of the use of the hand.

It is the opinion of all the members of the court, from a somewhat careful consideration of the case, that $3,000 would have been an ample recovery in the case.

The judgment of the district court will, therefore, be reversed, unless defendant in error, within thirty days, remits the sum of $2,000 from the judgment, and accepts a

modified judgment for $3,000. In case such remittitur is·
filed within the time specified, the judgment of the district.
court will be affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.