(7 Misc. Rep. 289.)

### CONNEUGHTON v. CITY OF BROOKLYN et al.

(City Court of Brooklyn, General Term. February 26, 1894.)

NEGLIGENCE—EVIDENCE.

> Plaintiff's intestate attempted to drive from the sidewalk to the driveway of a street under the beams of a truck standing on the side of the street. His team was quiet and fully under his control at the time, but the beams were not high enough to allow him to pass under on top of his load, as he supposed, and he was fatally injured. *Held*, that no recovery could be had, as the injuries resulted from a miscalculation of intestate.

Appeal from trial term.

Action by Ellen Conneughton, as administratrix of Patrick Conneughton, deceased, against the city of Brooklyn and Patrick Holland, to recover damages for the death of plaintiff's intestate. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before CLEMENT, C. J., and OSBORNE, J.

Chas. J. Patterson, for appellant.
Almet F. Jenks, for respondent city of Brooklyn.
Mulqueen & Mulqueen, for respondent Holland.

OSBORNE, J. This action was brought by plaintiff to recover damages for the death of her husband and intestate, Patrick Conneughton, which death, it was alleged, was caused by the negligence of the defendants. At the trial term, the complaint was dismissed, and the plaintiff appeals from the judgment entered on such dismissal. It appeared from the evidence that the deceased was in the employ of one Charles Hart, a contractor, and was engaged, on the morning of March 4, 1891, in loading a wagon with paving blocks on the inner side of the sidewalk on Fourth avenue in this city. There was single line of flagging laid on the sidewalk, leaving a space of dirt on both sides. The deceased's truck stood on the inner side of this line of flagging, next to the line of the lot. Both before and behind the truck which deceased was loading were two other trucks, which were likewise being loaded. Immediately opposite the place where deceased was loading was a large truck, such as is ordinarily used for carrying heavy iron girders required in the construction of elevated railroads. This truck was from 25 to 40 feet long, and the cross-pieces over the axles were connected by two long beams a foot to 18 inches thick, and about 4 feet apart. The lower side of these beams was from 6 to 10 feet above the ground, as variously testified to by the witnesses. One of the fore

wheels of this truck was on the sidewalk. The other three rested on the roadway of the avenue. This truck had remained in this position for something like six months, and it was sought to hold the defendant the city of Brooklyn liable on the ground that it had negligently permitted this truck to remain as an unlawful obstruction in the highway; and the defendant Holland was sought to be held liable for having negligently and carelessly permitted said truck to stand in Fourth avenue for so long a period of time. The testimony further showed that after deceased had loaded his truck the mules attached thereto refused to draw, in the soft dirt; that he turned their heads out onto the strip of flagging, got on his truck, and started the mules, and, in endeavoring to pass with the load underneath the beams of defendant Holland's truck, deceased met with the injuries which caused his death.

We think that the complaint in this action was properly dismissed. While, in some minor particulars, there are differences between the witnesses, yet the plain, unmistakable conclusion to be drawn from all the evidence seems to us to clearly indicate that the deceased sought to drive out onto Fourth avenue with his load, underneath the long beams of the truck standing on Fourth avenue, on the supposition that there was sufficient space for that purpose. It clearly appears that when deceased had completed his load, and endeavored to start the mules, they refused to pull on the soft ground, and that he then turned them, with their heads pointing out towards the large truck above-mentioned; that he then mounted his truck, and the mules started, not going off a walk, and apparently under full control of deceased. There is no pretense that they were unmanageable or excited. They did not go off a walk as they started to go under the beams of the truck, and the testimony shows that deceased bent forward, evidently with the view of passing under the beams. That the space was insufficient for him, on top of his load, to pass through, was his misfortune, and in no respect due to any negligence that might be charged against the defendants, or either of them. The deceased apparently made a miscalculation as to the height of the beams from the ground. He took the chances of passing under, and the defendants cannot be held responsible for the consequences of his failure to pass safely beneath the beams of the truck. Judgment dismissing the complaint must be affirmed, with costs.