VILLAGE OF CULBERTSON V. ALEXANDER G. HOLLIDAY.

FILED JANUARY 7, 1897.　No. 7605.

1. **Municipal Corporations: DANGEROUS PREMISES: EVIDENCE.** In a suit against a municipal corporation for damages alleged to have been sustained by plaintiff's falling into an unguarded excavation in a lot fronting on a street, a correct plan or drawing of the excavation and the surrounding locality is competent evidence.

2. **Negligence.** The law requires of a person the exercise of care and caution commensurate with the danger confronted, but this rule involves no more than the exercise of ordinary care and prudence in view of the circumstances.

3. ———: ORDINARY CARE. The law does not require of an old person the exercise of greater care to avoid injury than it requires of a young and vigorous one. It requires of each the exercise of ordinary care. It requires of neither the exercise of extraordinary care.

4. ———: EVIDENCE. Whether a certain act or omission is or is not evidence of negligence is for the court, but whether such evidence convicts a party of negligence is for the jury.

5. ———: INSTRUCTIONS. It is error for a court to state to a jury a circumstance or group of circumstances as to which there has been evidence on the trial, and instruct that they amount to negligence. *Missouri P. R. Co. v. Baier*, 37 Neb., 253, followed.

6. ———: ———. Such expressions as "slight negligence" and "slight want of ordinary care" should not be used in instructions, as they tend to obscure and confuse what should be stated in plain and concise language.

7. ———: PERSONAL INJURIES. In an action for damages for injuries alleged to have been sustained through the negligence of another, there is no such issue as the slight negligence of any one.

8. ———: ———. The doctrine of comparative negligence is not in force in this state. Our courts recognize no degrees of negligence. The rule is that if a person himself, in the exercise of ordinary care, is injured through the negligence of another, he may recover; but if his own negligence contributed to or was the proximate cause of the injury he cannot recover.

ERROR from the district court of Hitchcock county. Tried below before WELTY, J. *Reversed.*

*L. H. Blackledge*, for plaintiff in error.

*William O. Woolman* and *Cobb & Harvey, contra.*

RAGAN, C.

On April 12, 1893, Alexander G. Holliday was conducting a store on the southeast corner of the intersection of Taylor avenue and Wyoming street, in the village of Culbertson. Holliday's residence was a block west and a half block south of his store. At that date there existed an excavation in the lot on the southwest corner of the intersection of said thoroughfares, and immediately west of Holliday's store. This excavation had been made for the purpose of erecting a building on said lot. The night of said day was very dark, and Holliday, then going from his store to his residence, fell into said excavation and was injured. He brought this suit against the village of Culbertson to recover damages for said injury, claiming that he had sustained the same while in the exercise of ordinary care, and through the negligence of the village in failing to protect such excavation by barriers, danger signals, or otherwise. He had a verdict and judgment and the village has brought the same here for review on error.

1. On the trial of the case the court permitted to be given in evidence a diagram, plan, or drawing of the place of the excavation and the surrounding locality. This ruling of the court is assigned for error. A proper foundation was laid for the introduction of this diagram and it was competent evidence.

2. It appeared from Holliday's testimony that prior to falling into the excavation he was aware of its existence. The village requested the court to give an instruction to the jury to the effect that since Holliday was aware of the excavation prior to his injury, that in attempting to pass along the street by the excavation it was incumbent upon him to use extraordinary care and precaution, and unless he did so he could not recover. The district court refused to give this and instructed the jury, in effect, that

Holliday was not required, in attempting to pass along the street by the excavation, to exercise the highest possible degree of caution, and that it was sufficient if he exercised reasonable and ordinary care and caution under the circumstances of the case. This action of the court, it is claimed, is erroneous. We do not think it was. It is true that the law requires of a person that he shall exercise care and caution commensurate with the danger confronted, but this is only exercising ordinary care and prudence in view of the circumstances. In *City of Beatrice v. Reid*, 41 Neb., 214, it was held that "if one attempts to pass over a place of danger, the law requires him to exercise caution commensurate with the obvious peril; but this means that the law only requires of the party to exercise ordinary care, the danger and his knowledge thereof considered." And here we remark that the defendant in error was a man seventy-seven years of age, and the court, at the request of the village, instructed the jury as follows: "You are instructed that a person far advanced in years and feeble is bound to use greater care in avoiding defects and dangers such as the excavation testified about than a young and vigorous person." This instruction was wrong, all wrong. The law does not require an old person to exercise greater care to avoid injury than it requires of a young and vigorous one. It requires of each the exercise of ordinary care.

3. The third assignment of error is that the court erred in refusing to give an instruction asked by the village to the effect that it was not an insurer against accidents upon its streets, and the mere fact that Holliday fell into the excavation and was injured would not enable him to recover. The court did not err in refusing to give this instruction, as instruction No. 14, given at the request of the village, told the jury that the fact that Holliday fell into the excavation and was injured was not sufficient to entitle him to recover, unless they should find that his injury was caused by the negligence of the village and that no negligence of Holliday's contributed to such in-

jury. The court was not obliged to tell the jury that the village was not an insurer against accidents upon its streets. No such issue was made in the pleadings and no such a claim made at the trial.

4. It is insisted that the court erred in refusing to give the following instruction: "You are instructed that the mere fact that the defendant village permitted an excavation to be made and exist alongside of or extending a short distance into the highway, for the purpose of the erection of a building, would not of itself constitute negligence." If the village permitted an excavation to be made in one of its public streets, and permitted it to exist there without barriers or danger signals, then these facts were evidence of negligence. Whether a certain act or omission is or is not evidence of negligence is for the court, but whether such evidence convicts a party of negligence is for the jury. (*Spears v. Chicago, B. & Q. R. Co.,* 43 Neb., 720.) By the instruction under consideration, the village requested the court to charge the jury, in effect, that certain acts or omissions did not constitute negligence. The court correctly declined to so charge.

5. Another argument is that the court erred in refusing to give the jury the following instruction: "You are instructed that if you find that the injury complained of by plaintiff was caused by the mutual, concurring negligence or fault of both plaintiff and defendant, then the plaintiff cannot recover." The court had already instructed the jury, in No. 9, at the request of the village, that though there may have been negligence on the part of the village, yet if the plaintiff, by the exercise of reasonable and ordinary care, could have avoided the consequences of such negligence he could not recover. This was all the village was entitled to. The court did not err in refusing to give the instruction requested.

6. The next argument we notice is that the court erred in refusing to give instructions 12, 14, and 17 requested by the village. By these instructions the court was requested to charge the jury, in effect, that if there was no

sidewalk by the excavation, but there was a sidewalk on the opposite side of the street, and that Holliday, knowing these facts, attempted to pass along the south side of the street, by the excavation, on a dark night, that he was guilty of contributory negligence. It is error for a court to state to a jury a circumstance or group of circumstances as to which there has been evidence on the trial, and instruct the jury that they amount to contributory negligence. The court may tell the jury what act or omission is evidence of negligence or contributory negligence, but it is for the jury to say whether these facts convict the party of negligence. (*Missouri P. R. Co. v. Baier*, 37 Neb., 253; *Omaha Street R. Co. v. Craig*, 39 Neb., 601, and cases there cited.) This has been ruled so many times in this court that we are surprised to find counsel asking the district court to instruct the jury that certain acts or omissions of a litigant constitute negligence on his part. The court correctly refused the instructions.

7. The village requested the court to instruct the jury in effect that if Holliday, knowing of the existence of the excavation and its condition, had passed by the same daily for some time, and knowing that there was no sidewalk along the street in front of such excavation, but there was a sidewalk on the opposite side of the street, chose to go on the south side of the street and by said excavation, that these facts were proper for the jury to consider in determining whether Holliday's conduct, under the circumstances, was negligence. The court refused to give this instruction and, at the request of Holliday, instructed the jury to the effect that Holliday knowing of the excavation, his conduct under the circumstances was not conclusive evidence of negligence. The instruction refused was a correct statement of the law, but since the court told the jury that his conduct was not conclusive evidence of negligence against him, the village was entitled to have the jury instructed that they might take into consideration his knowledge and conduct in deter-

mining whether he had been guilty of negligence. We
do not think that it would have been error for the court
to have refused the instruction requested if the one re-
quested by the village had not been given.

8. Another argument is that the court erred in refusing
to instruct the jury as follows: "You are instructed that
if the plaintiff was guilty of any negligence, however
slight, which contributed directly to cause the injury
complained of he cannot recover." In *Omaha Street R.
Co. v. Craig*, 39 Neb., 601, we said that such expressions
as "slight negligence" and "slight want of ordinary care"
should never be used in instructions to juries, as such ex-
pressions tend to obscure and confuse what should be
stated in plain and concise language. We adhere to that
ruling and accordingly hold that the court did not err
in refusing to give the instruction requested. This in-
struction was copied from *Village of Orleans v. Perry*, 24
Neb., 831. But this court, in that case, did not approve
of the instruction. All we did say of the instruction in
that case was that the giving it was not prejudicially
erroneous. In the case at bar, Holliday was injured;
and the inquiry here, as in all other cases of this charac-
ter, was and is: By whose fault was it that the injury
was inflicted? If Holliday himself, while in the exercise
of ordinary care, was injured through the fault and the
negligence of the village, he is entitled to recover. If the
proximate cause of his injury was his own negligence, he
is not entitled to recover. There was not and cannot be
in such a case any question of the slight negligence of
any one.

9. At the request of Holiday, the court instructed the
jury that to entitle him to recover "he need not be wholly
free from negligence, provided his negligence is but slight
and the other party is guilty of gross negligence in com-
parison therewith as defined in these instructions." A
final argument is that the giving of this instruction was
error. We think it was. The instruction is an appli-
cation of the doctrine of comparative negligence, a rule

in force, so far as we know, only in the courts of the state of Illinois. This rule is not, and has never been, in force in this state. There are no degrees of negligence here. The rule here is that if a person, himself in the exercise of ordinary care, is injured through the negligence of another, he may recover; but if his own negligence contributed to, or was the proximate cause of, the injury received, he cannot recover. It is said by counsel for Holliday that this court in *City of Lincoln v. Gillilan*, 18 Neb., 114, and *Village of Orleans v. Perry*, 24 Neb., 831, has approved of the rule involved in the instruction under consideration; but counsel are mistaken. It is true that an instruction very similar to the one here was given in each of those cases, but this court did not approve of the instruction in either of said cases. All that we did say was that if the instruction given in those cases was erroneous, it was error without prejudice to the plaintiff in error. We think that the classification of negligence attempted in the instruction given by the district court is wrong in principle and leads to confusion. (*New York C. R. Co. v. Lockwood*, 84 U. S., 357.) In *McPheeters v. Hannibal & St. J. R. Co.*, 45 Mo., 22, the court said: "In law there is no difference between negligence and gross negligence, the latter being nothing more than the former with the addition of a vituperative epithet." In *Wells v. New York C. R. Co.*, 24 N. Y., 181, the court said that the supposed distinction between different degrees of negligence should be discarded as illusory and impracticable. In disapproving of the instruction under consideration, we are not laying down a rule in conflict with those cases which permit a plaintiff to recover for an injury inflicted upon him by the negligence of another where he negligently placed himself in danger. Those cases permit an injured party to recover, notwithstanding that he negligently placed himself in a dangerous situation, because the evidence disclosed the failure of the other party to exercise ordinary care after discovering the injured party's danger. Those cases then are in harmony

with the rule that we announce here: That to enable the plaintiff to recover the evidence must show that the proximate cause of his injury was the negligence of the defendant, and that at the time he himself was in the exercise of ordinary care; that is, that his going originally into a position of danger was not the proximate cause of the injury he received. Not only did the district court err in giving the instruction under consideration, but we are constrained to say that we think the instruction was prejudicially erroneous. The judgment of the district court is reversed.

REVERSED AND REMANDED.