## Straight Creek Fuel Company v. Mullins.

(Decided November 26, 1920.)

### Appeal from Bell Circuit Court.

1. Damages—Tramway Trestle—Negligence.—There is no liability for damages growing out of the erection and maintenance of a tramway trestle over a road used by the public to a person, who while riding in a wagon in broad daylight, upon approaching the trestle stooped to pass under it but miscalculated the space between the wagon seat and the trestle and was caught between the two and injured.

2. Damages—Assumption of Safe Condition of Roads.—The public are entitled to an unobstructed passageway over the roads and streets of the Commonwealth, and in the absence of knowledge of any defects or obstructions have the right to assume that the way is in a reasonably safe condition.

3. Damages—Defect in Roadway.—A person having knowledge of a defect in a roadway cannot assume it is in an ordinarily good condition and act upon that assumption. In such case the traveler must exercise care and prudence in proportion to the dangers from the known condition.

4. Damages—Contributory Negligence.—The question of contributory negligence is generally for the jury, but this is only true in those cases where the evidence presents a state of facts about which there might be a difference of opinion in the minds of reasonably fair minded men.

5. Damages—Defect in Roadway.—Knowledge of a defect in a public way will not prevent the injured person from recovering, where the injury is caused by momentary or temporary forgetfulness of the danger, and his attention is distracted by a cause that is adequate to effect that result.

6. Damages—Negligence.—Where plaintiff's mind was not in any wise distracted or her attention diverted from the trestle, but she saw the trestle under which the wagon in which she was riding was passing and merely miscalculated the space between the wagon and the trestle she cannot recover for injuries sustained by her failure to lean forward far enough to avoid striking the trestle.

7. Damages—Contributory Negligence—Pleading.—Upon failure to deny an allegation of contributory negligence the latter plea must be taken as true, and no recovery can be had since it stands admitted on the pleadings that the injury complained of was caused by the negligence of the complaining party. However, upon a return of the case for a new trial a reply can be filed controverting this affirmative plea.

8. Trial—Pleading—Waiver.—Defendant by the introduction of its evidence did not waive its right to complain of plaintiff's failure to file a reply, having saved its right in a proper manner by a motion for a peremptory instruction.

JAMES M. GILBERT for appellant.

E. F. BAKER and E. PHILPOT for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

The question decisive of this appeal may be thus stated: Is there any liability for damages growing out of the erection and maintenance of a tramway trestle over a road used by the public to a person who, while riding in a wagon in broad daylight, upon approaching the trestle stooped to pass under it, but miscalculating the space between the wagon seat and the trestle was caught between the two and injured?

This is an appeal from a judgment awarding plaintiff a verdict of $500.00 for injuries so sustained November 23, 1918.

In making an air shaft to ventilate its mine appellant erected a trestle to remove dirt and other refuse from its mine. This trestle was erected across a road formerly in general use by the public, but owing to the construction of another road practically paralleling the road under the trestle the latter was not used as much as formerly.

On the day of the accident appellee, in company with several others, had been to the funeral of a kinsman. They went to the cemetery in a two horse wagon containing two spring seats and a chair. Appellee, her daughter and another sat on one of the spring seats. The trestle was located some two hundred yards from her house. The accident happened in broad daylight. Appellee frankly admits she knew of the presence of the trestle; she saw it as they went to the funeral. All the occupants of the wagon realizing the necessity of lowering their heads leaned over as they passed underneath. Returning from the funeral by the same road all passed safely under the trestle excepting appellee. She occupied the same seat returning as going. Upon the return trip appellee says she saw one of those in front of her stoop as they approached the trestle; she, appellee, then leaned over but not far enough. Having miscalculated the distance between the seat and the trestle appellee was wedged between the two and sustained injuries for which she sought damages. When asked if she realized she would have to get down lower than the one sitting in the chair she said:

"I wasn't studying about her getting through. I was studying about getting through myself. . . . Yes, I thought I had leaned far enough forward to clear the bridge all right."

But in this as it appears she was mistaken.

So the proposition presented resolves itself into an answer to the question stated at the outset, viz.: whether appellee is entitled to a recovery under the circumstances. One of the defenses relied on in the answer was that of contributory negligence. No reply was filed. This court has held in numerous cases that in the absence of a denial such plea must be taken as true. Under this state of the record there could be no recovery since it stands admitted on the pleadings that the injury complained of was caused by the negligence of the complaining party. Nor did appellant waive its right to complain of the failure to file a reply by the introduction of evidence, as it saved its right in a proper manner by its motion for a peremptory instruction at the close of appellee's evidence and at the conclusion of all the evidence. This motion should have been sustained. We have held however that when a reversal is ordered on this ground plaintiff upon the return of the case to the lower court will be permitted to file a reply controverting this allega-

tion. L. & N. R. R. Co. v. Paynter's Admr., 26 Rep. 761, 82 S. W. 412; Lou. Ry. Co. v. Hibbitt, 139 Ky. 43, 129 S. W. 319.

Since, a reversal must be ordered for another reason, fatal to plaintiff's recovery, we will address ourselves to that. The public is entitled to an unobstructed passageway over the roads and streets of the Commonwealth and in the absence of knowledge of any defects or obstructions, has the right to assume the way is in a reasonably safe condition for travel and is not required to constantly keep its eyes on the ground or road to discover defects therein. But a person with knowledge of defects in a roadway cannot assume it is in an ordinarily good condition and act upon that assumption. In such case the traveler must exercise care and prudence in proportion to the dangers from the known condition. See McQuillen on Municipal Corporations, section 2824. One with knowledge of defects and obstructions in a public way must use reasonable care to avoid them. However, mere knowledge of a defect in a public way at the time of or before using it is not *per se* contributory negligence. The injured party is not negligent unless he knows both of the defect and also of the danger.

The question of contributory negligence is generally for the jury, but this is only true in those cases where the evidence presents a state of facts about which there might be a difference of opinion in the minds of reasonably fair minded men. Where the facts are uncontroverted and but one conclusion may be fairly drawn therefrom, viz.: that plaintiff brought the injury upon herself by her own negligence, there can, of course, be no recovery although the defendant was also negligent. Hayden v. C. M. & G. R. R. Co., 160 Ky. 836, 170 S. W. 200; Wiley v. C. N. O. & T. P. Ry. Co., 161 Ky. 305, 170 S. W. 652; Lou. & Interurban Ry. Co. v. Morgan, 174 Ky. 633, 192 S. W. 672.

Contributory negligence on plaintiff's part necessarily assumes negligence on the part of defendant, but if the contributory negligence on the part of the injured person was such, as without which the injury would not have been received, he is not entitled to recover.

We find it impossible to distinguish the facts of this case from those found in Paducah Coal & Timber Co. v. Brockwell, 161 Ky. 424, 170 S. W. 970. In that case appellee was a driver for a third person engaged in de-

livering staves to appellant and was told by appellant's foreman to drive under a trestle, the usual passway being blocked, and while endeavoring to avoid a line of stumps he was struck by a bolt on the trestle and injured. His position on the wagon brought him in close proximity to the trestle. The trestle and stumps were before his eyes and with knowledge of their existence he deliberately took the chance of coming in contact with the trestle. It was held that appellee's injuries were due to his own negligence in failing to exercise ordinary care for his own safety, thus defeating his right to recover.

In Poynter v. Alfred Struck Co., 169 Ky. 126, 183 S. W. 461, it was held that a person driving through a door or under a shed immediately before his eyes must take notice of the size thereof and not place himself in a position where there is liability of being struck. To same effect is Interstate Coal Co. v. Deaton, 148 Ky. 160, 146 S. W. 396. In this case appellee, a boy 17 years of age, while driving a wagon loaded with baled hay through a barn belonging to appellant was struck and severely injured. He had worked for appellant about eleven days. As he started through the door he saw the cross piece and bowed his head low enough to miss it. After getting his head under the cross piece he felt the wheels rise upon the sill and he was caught between the hay and the crossbeams and his back was wrenched. Although it was contended he did not know of the existence of the lower sill and did not know or appreciate the danger under the circumstances, a judgment in his favor was reversed with instruction for a directed verdict in appellant's favor on the ground there was nothing to prevent him seeing the cross-beam; he had gone in and out the door on several previous occasions and he could have taken a position on a lower bale. As he knew the crossbeam was there it was held his injuries were due solely to his failure to get his head and body low enough to avoid striking the beam though he had plenty of room in which to do so.

In Louisville Gas Co. v. Hammer, 32 Rep. 613, 106 S. W. 821, a peremptory instruction was held proper in a case where appellee, a man of mature years, saw a ditch in front of his place of business and in broad daylight undertook to walk so close to the edge that it caved in and he was injured. The court says he deliberately walked on the edge of the ditch and in so doing was

bound to take notice of the fact that the dirt would cave in, which it did, and thus exposed him to danger. He failed to exercise ordinary care for his own safety and was, therefore, guilty of contributory negligence, barring a recovery.

In Connoughton v. City of Brooklyn, et al., 7 Misc. 289, 27 N. Y. Sup. 888, plaintiff's intestate attempted to drive from the sidewalk to the driveway of a street under the beams of a truck standing on the side of the street. His team was quiet and fully under his control at the time, but the beams were not high enough to allow him to pass under on top of his load, as he supposed, and he was fatally injured. The court in the concluding part of the opinion says:

"That. the space was insufficient for him, on top of his load, to pass through was his misfortune and in no respect due to any negligence that might be charged against the defendants, or either of them. The deceased apparently made a miscalculation as to the height of the beams from the ground. He took the chances of passing under, and the defendants cannot be held responsible for the consequences of his failure to pass safely beneath the beams of the truck."

Tuttle v. Town of Clear Lake (Iowa), 102 N. W. 136, involved injuries resulting from a depression beside a city walk. In the course of the opinion the court said:

"But she was also required to exercise ordinary care in avoiding injury from the defects in the walk. She knew of these and appreciated the danger fully. . . . Her own statement shows that her attention was in no way diverted. The ground may have been wet, but she did not slip. Her fall, as she freely admits, was owing to her mistake or miscalculation of the height of the end of the walk. Had she lifted her foot a trifle higher, the accident would not have occurred. This can only be attributed to the want of ordinary care on her part. Though the city may have been negligent in leaving the opening, she was fully aware of the condition at the very time of the accident, and, by the exercise of a degree of care commensurate with the danger, could easily have avoided injury. We think the motion to direct a verdict for defendant should have been sustained."

The doctrine of the foregoing cases must not be confounded with the line of cases holding that a knowledge of a defect in a street or road will not prevent the injured person from recovering where the injury is caused

by momentary or temporary forgetfulness of a danger where his attention is distracted by a cause adequate to effect that result, of which Merchants Ice & Cold Storage Co. v. Bargholt, 129 Ky. 60, 33 Rep. 488, 110 S. W. 364, is an example. Bargholt, in the day time, was walking along one of the principal streets of the city of Louisville and while looking at a building in process of erection he fell over a block of ice on the sidewalk in front of the Norton building, just opposite. A verdict for plaintiff was sustained, the court saying, in part:

"It is only in that class of cases where the whole evidence introduced by plaintiff has no tendency to show care on his part, or, on the contrary, shows a want of care, that the duty of the court is to direct a verdict for the defendant. Undoubtedly, if appellee saw a cake of ice, and, seeing it, walked against it, or fell over it, it would have been the duty of the court to have instructed the jury to find for the defendant, and, likewise, if the evidence had shown that appellee's attention had not been distracted at the time and he had not been looking at the building across the street, or at some other object, which took his attention and vision from the sidewalk, then a case might have been made out which would have warranted the court in instructing the jury to find for the defendant, though, upon this point, the decisions are not uniform. In other words, the court will only instruct the jury to find for the defendant when the facts admitted or proven leave no room for doubt that he failed to exercise that degree of care which an ordinarily prudent person would have exercised under like or similar circumstances for his own safety."

To same effect is City of Lancaster v. Walter, 25 Rep. 2189, 89 S. W. 189, wherein it was said:

"The fact that appellee knew of the existence of the dangerous obstruction in the highway did not, under the circumstances of this case, show her guilty of contributory negligence in undertaking to pass over it in the manner in which she did; the sudden, and apparently serious, illness of her husband, the immediate need for a physician, the great excitement and perturbation of mind incident to the calamity with which she was confronted, naturally rendered her forgetful of everything except the urgent mission upon which she was bent. It would have been strange, indeed, if this good wife had thought of herself for one moment in the presence of the urgent need of her husband for medical attention, that, under

these distressing circumstances, she should have forgotten herself, should cause neither surprise nor condemnation." See also City of Louisville v. Brewer's Admr., 24 Rep. 1671, 72 S. W. 9; City of Maysville v. Guilfoyle, 23 Rep. 43, 110 Ky. 670, 62 S. W. 493; City of Madisonville v. Pemberton's Admr., 25 Rep. 347, 75 S. W. 229; Town of Corinth v. Lawrence, 127 S. W. 1009.

It is not difficult to differentiate the facts of the above decisions from those presented in this record. Here no claim is made that appellee's mind was in any wise distracted, or that her attention was diverted from the trestle; on the contrary it is conceded she saw the trestle and endeavored to lean over enough to go under it, but made the mistake of not stooping sufficiently low.

Then, too, the facts of this case must be distinguished from the cases of which the facts disclosed in Orleans Village v. Perry, 24 Neb. 831, are illustrations. In this case plaintiff was injured by stepping into an excavation in the night time. He knew of the excavation, having passed it frequently, but on the evening of the accident when he started home it was quite dark; when nearing the excavation he changed his course so as to pass around it, as he supposed, but he misjudged the distance and instead of going around it stepped into it, and this was properly held a question for the jury. On this general proposition see the very extensive note in 22 L. R. A. (N. S.) 614, 653. However, in Mayor, &c. v. Cain, 128 Tenn. 250, 159 S. W. 1084, where plaintiff was injured while walking along a city street at night, by falling over some stakes driven in the ground at the edge of the sidewalk, it was held he could not recover where he admitted there was nothing to divert his attention, that he simply forgot, that is, he failed to pay attention to his going.

We are clearly of the opinion the motion for a directed verdict should have been sustained.

For the reasons herein stated the judgment will be reversed for further proceedings not inconsistent herewith.