## Winebarger et al. v. Fee.

November 11, 1947.

James S. Forester, Judge.

L. C. Wall and Astor Hogg for appellants.

G. G. Rawlings for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

Some time in July 1946, appellee, who was plaintiff below, slipped and fell while in the Lloyd Cafe, operated by appellants, and received a rather severe injury to his right arm and hand. In his petition he alleged that he went to the restaurant for food, and defendant's agents and servants were mopping the floor, using water and soap or some other slick substance, causing plaintiff to fall; that in attempting to catch the fall he caught his hand in some glass or other sharp substance near the aisle, cutting his arm and hand.

Charging negligence in the usual manner and alleging that he did not and could not have known of the dangerous condition of the floor in time to have avoided the injury, he asked for damages in the sum of $5,000. Defendants in answer, admitting operation of the restaurant, denied all material allegations of the petition, followed by a plea of contributory negligence; a reply in denial completed issue.

Upon submission nine of the jury signed a verdict for $1,000. Motion for new trial supported by six or more grounds was overruled; on appeal it is urged that the court erred in overruling appellants' motion for directed verdict made only at the conclusion of appellee's proof because (1) the proof fails to show actionable negligence on the part of appellants; and (2) if there were such, appellee was guilty of contributory negligence by an act of his own, and that he had assumed the risk.

The proof for appellee is that he and companions had spent the greater and latter part of the night at the "Harlan Bar B. Q.," where all had indulged in

more or less drinking, though it is not shown that appellee was in a drunken condition when he and a companion (Robinson) arrived at the restaurant about 5:40 a. m. The door was closed but not locked, and another customer was being served. Appellee and Robinson went to the cash register and appellee ordered breakfasts which we gather he and Robinson sat down and ate. Appellee paid the checks, and using his language: "As we started out, I got between the opening. I turned my head to the girl sitting in the back in a booth and said 'We will be back,' and when I turned I stepped in slippery water that came from under the booth where it gets around the legs. These booths were on the left side of the aisle. I reached for something to grab to, and grabbed the show case; it wasn't nailed down, and it came to the floor on top of me; it started to my face; I threw my hands in front of me and it came down on my hands; my arm ran through the show case."

Appellee stated frankly that when he went in the cafe he saw the colored woman mopping the floor, and knew she was using clorox, which made the water slippery and that a light colored linoleum was on the floor. He and others say that the scrub woman was mopping from the front to the rear and had gotten five or six feet toward the back from the cash register. The contention of appellee is that in mopping the floor there had been left some of the slick or soapy water under one of the booths, which during the time he was eating had run into the aisle at a point where he slipped. He testified that the soapy water came from under the booth into the aisle or passway, which he did not see as he went in.

The only other witness who testified for appellee was Fanny Martin, who was in charge of the restaurant at the time, and to whom appellee was married shortly after the accident. She said that the other two customers left before appellee. She was in another part of the restaurant and did not see him when he fell. She says that the scrub woman was late in beginning her mopping; the woman denied this statement. The scrub woman said she was using liquid soap, which is not slick "if you get it up." This witness stated that she had mopped the aisles, and under the booths, and had rinsed and dried thoroughly.

Getting back to the testimony of the witness who was in charge, she said that after appellee fell she went to the point and saw "a slick place," and "there were prints where he fell down." This is the substance of evidence offered by the plaintiff. Robinson and Lester, the other two customers, testified for defendants, but throw little light on the subject. They say they saw the scrub woman mopping, but paid little attention to the condition of the floor at any time. The two proprietors testified that the manager or the lady in charge had violated the rules by opening the restaurant prior to a fixed time, and that they knew nothing of the accident or the condition of the floor. One proprietor described the passway or aisle at the point where the accident occurred: "It was about 2½ feet wide between the steam table and the booths." He said he examined the floor when he arrived a few minutes before 6 o'clock, and "it was perfectly dry after she (the scrub woman) had mopped up the blood."

We need not detail the proof further, since it is the contention of appellants that they were entitled to a favorable peremptory instruction at the close of plaintiff's testimony on the grounds above stated.

On the first proposition it may be said that if the agents or servants of appellants had in mopping the floor (in a hurry, as some proof is) failed to mop properly or dry it, leaving enough soapy water under the booths or seats to run out into the aisle or passway in sufficient quantity to cause one to fall if suddenly stepping on the spot, this was an act of negligence.

It is correctly stated by appellants in brief that the law is well settled that a customer who enters a store, and is in or on that part where expected to be, is an invitee, Wall v. Woolworth Co., 209 Ky. 258, 272 S. W. 730, and that the owner is under the duty of exercising ordinary care to have the floor in a reasonably safe condition for the customer's use, and if there be failure to do so he is liable in damages, caused by his negligence, provided the customer be not guilty of contributory negligence. Lyle v. Megerle, 270 Ky. 227, 109 S. W. 2d 598, citing a number of cases in point. Appellant also states that the question of contributory negligence is ordinarily one for the jury, but when the proof

is such that reasonable minds can draw but one conclusion, that is,. that plaintiff was, negligent, then the question is one of law for the court. Straight Creek Fuel Co. v. Mullins, 189 Ky. 661, 225 S. W. 726.

Appellants cite the case of Kroger Grocery Co. v. Monroe, 237 Ky. 60, 34 S. W. 929, wherein the proof showed that a woman was injured by slipping on an oiled floor in appellant's store. We said that it was the duty of a customer in a store to exercise ordinary care under the circumstances with respect to a slippery floor, and that a customer walking carefully on a floor was not guilty of contributory negligence as a matter of law, notwithstanding her knowledge of presence of oil on the floor, and that she had the right to assume that, the floor was reasonably safe to walk upon. Citing quite a number of cases in point.

The facts here seem to be nearer to those in Woolworth Co. v. Brown, 258 Ky. 29, 79 S. W. 2d 362 (cited by appellee), wherein we discussed the question of contributory negligence, including the application of the assumed risk rule, and upheld a sizeable verdict. In Seelbach, Inc., v. Mellman, 293 Ky. 790, 170 S. W. 2d 18 (cited by appellants), where a woman fell on smooth steps in the hotel of appellant, we held that plaintiff, knowing of the condition of the steps, it was not unreasonable for her to use them, .but so knowing, she was only guilty of contributory negligence in not using a hand rail constructed on each side of the steps.

In Lyle v. Megerle, supra, the proof showed that a customer in a store had slipped and fallen on some slush or water that had accumulated on the floor. The court had sustained a peremptory in favor of defendants, but we reversed, holding that the proof was sufficient to have required submission. The injured woman had not noticed the condition of the floor, and fell after she had taken four or five steps from the door. It was argued that Mrs. Lyle had not exercised ordinary care for her own safety. We reviewed a number of cases of similar character, not unlike the one here, and said (270 Ky. 227, 109 S. W. 2d 600): "A customer in a store may assume that the floor will be free from obstructions of a dangerous nature and from a slippery spot, although he may not walk blindly, irrespective of

obvious danger. If, in fact, he sustains a fall, the question should be submitted to the jury whether under the circumstances he was paying reasonable attention to the danger which might exist upon the floor; that is, whether he was exercising ordinary care for his own safety."

Without further reference to other cases, many of which may be cited in addition to those to which we have made reference, we are constrained to conclude that appellee cannot be charged with contributory negligence as a matter of law, on either ground asserted by appellant. Here while appellee admitted that he saw the floor being mopped with a soapy substance, neither he nor anyone else saw the soapy substance in the aisle until after he had suffered the fall. The doctrine of assumed risk is treated fully in the Seelbach case, supra, and applying its ruling to the facts here presented, we are of the opinion that the doctrine is not applicable here. Having reached the conclusion above expressed, we are compelled to affirm the judgment.