**ROJO, INC., et al., Appellants,**

v.

**Evelyn DRIFMEYER, Appellee.**

Court of Appeals of Kentucky.

May 4, 1962.

Julian W. Knippenberg, Boehl, Stopher, Graves & Deindoerfer, Lexington, for appellants.

Wheeler Boone, Lexington, for appellee.

MONTGOMERY, Judge.

Evelyn Drifmeyer sued to recover for alleged injuries sustained when she fell in the entranceway to the Drake Hotel Bar in Lexington owned by Rojo, Inc., and operated by Drabar, Inc. The jury awarded her $8,936.44 for pain, suffering, permanent disability, and medical expense. On appeal it is urged that (1) The evidence is insufficient; (2) Evelyn was contributorily negligent as a matter of law; and (3) the jury was erroneously instructed as to permanent damages from which an excessive verdict resulted.

Evelyn and her husband went for a stroll on the evening of September 24, 1958. Some two or three hours later she fell as she was entering the Drake Hotel Bar, referred to as Drabar. She assigned as the cause of her fall a deposit of vomit covering an area two feet square in front of the doorway and on the entranceway.

She described the mishap as follows:

"* * * I went on across the street and started into the Drabar. I got to the door and took one step and started to raise the other foot to go on in and right then I did a split and fell right there in the door. When I got up I was all wet with something and my leg and my arm hurt, and my hip was hurting, and my clothes were a mess where I fell into this stuff."

She said that although she had looked down when she stepped onto the entranceway she could not see the slime because the lights in the entranceway were out, little light came through the opened door from the dimly lit interior, and the light from the street light across the street was shaded by an awning over the entranceway.

The entranceway was an alcove about three or four feet wide extending sixteen feet across the front of the Drabar. The surface was described as a "marble-like substance * * * real slick." Its level was about one and one-half inches above the sidewalk.

After falling, appellee was assisted into the Drabar. Appellants' manager was called. When advised as to what had happened, according to appellee, he called an employee and said, "I told you half an hour ago to clean that stuff up."

Appellee urges that appellants are liable under a double-barrel theory. It is insisted that appellants failed to use ordinary care in the illumination of their entranceway and that they knew or should have known of the deposit.

Appellants contend that appellee's evidence was insufficient on which to submit the case to the jury. The court instructed the jury that it was the duty of the appellants, as owner and operator of the bar, to keep the premises in a reasonably safe condition and to use ordinary care to provide appellee, as a guest thereof, with a properly lighted entranceway, free of vomit, and that if they failed to do either of these things within a reasonable time after they knew, or should have known, of such failure, and if such failure was the direct and proximate cause of appellee's injuries, then it should find for the appellee, as it did. It is not contended that the rule stated in the instruction is incorrect.

Appellee was entering appellants' place of business ostensibly for a purpose

directly connected with their business and was an invitee. Kentucky & West Virginia Power Co. v. Stacy, 291 Ky. 325, 164 S.W. 2d 537, 170 A.L.R. 1; Scuddy Coal Company v. Couch, Ky., 274 S.W.2d 388. The owner or occupant of the premises owes a duty to an invitee to use ordinary care to have the premises in a reasonably safe condition. Winebarger v. Fee, 305 Ky. 814, 205 S.W.2d 1010; Standard Oil Company v. Hagan, 309 Ky. 767, 218 S.W.2d 969. This rule applies to entranceways. Bennett v. Railroad Company, 102 U.S. 577, 26 L. Ed. 235; Great Atlantic & Pacific Tea Company v. McLravy, 6 CCA, 71 F.2d 396 (outside vestibule); Belzer v. Sears, Roebuck & Co., Mo.App., 76 S.W.2d 701 (entrance steps). When an unsafe condition of the premises is caused by a third person, the plaintiff must show that the defendant property owner knew, or with reasonable care could have known, of the unsafe condition in time to have prevented the mishap. Louisville & N. R. Co. v. O'Brien, 163 Ky. 538, 174 S.W. 31; Kroger Grocery & Baking Company v. Spillman, 279 Ky. 366, 130 S.W.2d 786; Bosler v. Steiden Stores, 297 Ky. 17, 178 S.W.2d 839; Lane v. Cardwell, Ky., 306 S.W.2d 290, 61 A.L.R.2d 202. These cases fully sustain the correctness of the instruction given.

Appellants' argument concerning the insufficiency of the evidence does not point out any single fact which appellee failed to prove in order to establish a case under the rule stated. Appellants' attack is directed at the quality of the proof rather than to any failure of it. It is summed up in this statement from their brief, to-wit: "It is incredible to suppose or imagine that vomit would be left completely blocking the outside entrance to an operating business for a half hour's time!" However incredible it might seem to appellants or their counsel, the situation described does not seem too incredible, nor apparently did it seem so to the jury or the trial judge. The evidence was sufficient to take the case to the jury.

As to the argument that the appellee was contributorily negligent, the testimony for the appellants was in conflict with the testimony given in behalf of appellee. In substance, the proof of appellants was to the effect that the entranceway was well lighted, and all knowledge of the deposit was denied. Their testimony was also to the effect that appellee was so drunk that she could not have seen a deposit and thus was contributorily negligent.

The evidence was conflicting on the issue of contributory negligence, and it was submitted to the jury under a proper instruction. In such case, this Court will not usurp the prerogative of the jury to believe a witness or set of witnesses, as opposed to another set of witnesses, and will not disturb the jury's verdict. Stewart v. Sizemore, Ky., 306 S.W.2d 821; Fields v. Baker, Ky., 329 S.W.2d 376.

The final contention made is that the jury should not have been instructed on permanent injury. Dr. Harvey Chenault, physician and surgeon, whose qualifications were admitted, testified that he performed an operation on appellee to correct a ruptured intervertebral disc at the lumbo-sacral area on the left side. In response to a question as to the percentage of permanent disability, he said, "I think that ten to fifteen per cent disability to the body as a whole is a reasonable one." Appellants attack this statement as a guess and insist that it is not positive and satisfactory evidence and that it suggests only a possibility or probability of permanent injury.

First, the statement "I think" is tantamount to saying "in my opinion." There is no method of determining the exact degree of such injury, and the opinion of a qualified physician and surgeon is proper evidence thereof. Just prior to the statement as to percentage of disability, the witness had testified that appellee had a permanent disability as a result of her injury. H. & S. Theatres Co. v. Hampton,

**36**

300 Ky. 677, 190 S.W.2d 39, is not in point, since the doctor there gave no positive statement. There is no merit in appellants' contention. It should be noted that appellants do not argue that the damages are excessive, but content themselves with arguing that the giving of an instruction on permanent injury was unwarranted.

Judgment affirmed.