**OUR LADY OF MERCY HOSPITAL et al., Appellants,**

**v.**

**Manie E. McINTOSH, Appellee.**

Court of Appeals of Kentucky.

Dec. 18, 1970.

Clarence McCarroll, Bartlett, McCarroll & Nunley, Owensboro, for appellants.

James E. McDaniel, Owensboro, for appellee.

JAMES R. FORD, Special Commissioner.

This is an appeal from a judgment entered pursuant to a verdict wherein the jury found for the appellee, awarding her damages suffered from a fall while a patient in the appellant hospital.

The facts in this case are not in dispute. Appellee, hereinafter referred to as Mrs. McIntosh, was suffering from a stomach condition and on October 29, 1967, entered Our Lady of Mercy Hospital for a series of tests and X rays. She was to be X rayed on the morning of November 1 and in preparation therefor had been adminis-

tered 2 ounces of castor oil the afternoon of the day before. She had had nothing to eat the night before the accident or the morning of the accident, which occurred early in the morning of November 1. Around 5 or 5:30 a. m. on November 1, Mrs. McIntosh was awakened for the purpose of having an enema administered by Mrs. Martine Hayes, a nurse's aide. After the enema was administered, Mrs. McIntosh was helped out of bed and assisted to the bathroom by Mrs. Hayes, who then went to the utility room to return some utensils, temporarily leaving Mrs. McIntosh alone in the bathroom. Mrs. McIntosh, while alone, became sick and between the bathroom and her bed fell and sustained the injuries for which this suit was brought.

The appellant hospital moved for a directed verdict on the ground that Mrs. McIntosh was guilty of contributory negligence as a matter of law. This motion was overruled and the case submitted to the jury under proper instructions. After the jury returned a verdict of $5,000 damages for pain and suffering and $981.59 for medical and hospital expenses in favor of appellee, the appellant again moved for a judgment n. o. v., which was also overruled, and judgment was entered pursuant to the verdict. This appeal followed. We affirm.

Appellants raise two questions: (1) contributory negligence of appellee Mrs. McIntosh and the lack of negligence of appellants, and (2) that the appellee was not entitled to recover the amount of the medical expenses covered by Medicare, the United States Government being the only party entitled to recover such expenses.

Mrs. Hayes, the nurse's aide who attended Mrs. McIntosh, testified she helped the patient out of bed and into the bathroom because she did not want her to stumble and fall. She further stated she took Mrs. McIntosh to the bathroom and told her that if she should get sick not to get up by herself, that the buzzer was there to use if she needed help, and that she, Mrs. Hayes, would be right back. Mrs. Hayes further testified that she then took the utensils she had used back to the utility room, put them down, and at that time heard the buzzer. (This buzzer was sounded by the other patient in Mrs. McIntosh's room.) She then returned to appellee's room where she found Mrs. McIntosh on the floor. Mrs. Hayes testified that she had been a nurse's aide for approximately a year and a half prior to the accident, that she knew Mrs. McIntosh had been administered castor oil the day before the accident, and that she was to have enemas the morning of the accident. Mrs. Hayes further stated that she was aware that Mrs. McIntosh had had nothing to eat the previous night or the morning of the accident.

Mrs. McIntosh, testifying in answer to the question as to why she did not ring the bell or the buzzer, said: "It never did enter my mind because I was too ill. I called her once or twice." And in answer to the question, "How long were you in the bathroom?" Mrs. McIntosh answered, "I can't remember that, but I know it was just like going out—just passing out, but before I did, before I became so ill, I remember sort of calling her twice, just saying 'Nurse,' or 'Nurse's aide,' whichever it was, and then that is the last I remember until I was sitting on the side of the bed."

In this case we are dealing with a woman in her middle sixties in an extremely weakened condition, not having had any food the night before nor the morning of the accident. She had been given a large dose of castor oil and an enema prior to the accident. She was helped out of her bed and assisted into the bathroom by an aide, an employee of the appellant hospital. The aide, who testified she knew of the condition of appellee, left the appellee on the commode and went elsewhere in the hospital. The appellee testified she became ill and the next thing she remembered was sitting on the bed after the fall and resulting injuries.

■ This case presented the usual issue of a defendant's negligence versus a plaintiff's contributory negligence resulting, therefore, in a question for the jury.

"The question of contributory negligence is ordinarily one for the jury, and it is only when the proof is such that reasonable minds can draw but one conclusion, that is, that plaintiff was negligent, that the question is one of law for the court to decide. Winebarger v. Fee, 305 Ky. 814, 205 S.W.2d 1010." Winn-Dixie Louisville, Inc. v. Smith, Ky., 372 S.W.2d 789; and Kroger Company v. Thompson, Ky., 432 S.W.2d 31.

"The long-established rule of this jurisdiction is that contributory negligence is ordinarily a question for the jury especially where reasonable minds might differ." City of Louisville v. Louisville Seed Company, Ky., 433 S.W.2d 638, at page 640.

Therefore, the trial court correctly submitted this case to the jury for its determination. It correctly instructed on both negligence of the appellant hospital and contributory negligence of the appellee, Mrs. McIntosh. Appellants in their brief allege no errors in the court's instructions.

■ The appellee was under Social Security and Medicare. A substantial part of her medical expenses of this injury was covered by Medicare. However, she was liable to the hospital for her medical expenses if Medicare did not cover them. The appellants argue that the United States is the only party entitled to recover the amount paid under Medicare and cite various sections of the United States Code in support thereof. We do not believe these sections control. The appellants cite and rely on 42 U.S.Code, Section 2651, as basis for their contention that the appellee had no standing to recover for medical and hospital expenses for which she was entitled to benefits from the United States Government. Examination of the U.S. Code provisions discloses that they have reference to instances in which the United States actually provides the medical services, etc., but do not purport to deal with situations such as the one presented here. Since the appellants have not affirmatively demonstrated any basis for departing from the usual rule in such matters, they have failed in the burden of establishing error of the trial court.

The payments a person makes to be covered by Medicare are analogous to insurance premiums, and a defendant is not entitled to benefit from any medical insurance proceeds received by an injured plaintiff. In the recent case of Conley v. Foster, Ky., 335 S.W.2d 904, this court said:

"* * * in the absence of an assignment or express contractual subrogation the injured person may recover medical and hospital expenses incurred on his behalf, at least where the expenses are paid pursuant to an agreement based upon the payment of premiums or contributions by or on behalf of the injured person."

This case was well tried, and the issues raised at the trial were correctly submitted to the jury under proper instructions.

The judgment is affirmed.

All concur.