Susan Lind DAUGHERTY, Movant,

v.

Loring B. DAUGHERTY, Respondent.

Supreme Court of Kentucky.

Nov. 25, 1980.

**128**

F. L. Pearl, Louisville, Quinn F. Pearl, Jr., Radcliffe, for movant.

Woodson T. Wood, Maysville, for respondent.

CLAYTON, Justice.

Movant, Susan Lind Daugherty, appeals from the judgment of the Fleming Circuit Court based on a jury verdict awarding her $2,065.40 for medical expenses and $350 for pain and suffering. The Court of Appeals affirmed this judgment and we granted discretionary review.

On the afternoon of March 24, 1976, Susan Lind was a passenger in a pickup truck driven by respondent, Loring Daugherty, who had become her husband at the time of the trial. Their vehicle collided head-on with another pickup truck driven by Larry Risner. Susan sustained serious injuries over her entire body and was rushed to the Fleming County Hospital. From there she was taken to Ireland Army Hospital at Fort Knox where she remained a little over six weeks. She received the treatment at Ireland as a dependent of her father who was serving in the military at the time.

Movant brought this negligence action, naming both Daugherty and Risner as defendants. The trial court directed a verdict in favor of Risner and the jury subsequently awarded Susan damages in the amount of $2,065.40 for medical expenses incurred at the Fleming County Hospital and $350 for pain and suffering. At trial she attempted to prove an additional $7,578 in medical bills she incurred at Ireland Army Hospital. The trial court disallowed the introduction of this evidence. In so doing the trial judge reasoned that (1) movant was not obligated to repay the federal government, and (2) she failed to prove that the medical charges were reasonable.

In *Our Lady of Mercy Hospital v. McIntosh*, Ky., 461 S.W.2d 377 (1970), this court allowed an injured plaintiff to recover all medical expenses incurred even though a substantial portion of the bill was paid by Medicare. We stated that the payments a person makes to Medicare are like premiums paid for medical insurance and allowed full recovery.

In *Conley v. Foster*, Ky., 335 S.W.2d 904 (1960), this court allowed full recovery for medical expenses even though part of the bill had been paid by a United Mine Workers of America welfare fund.

The case at bar is similar to those involving Medicare and welfare funds. Although movant's father was not required to pay premiums in order to qualify for medical treatment at a military hospital, the coverage was nonetheless a direct benefit of his military service. As a dependent, movant also shared the benefits of this coverage.

On the question of reasonableness, we feel that the medical bill alone was sufficient in light of the statutory presumption that any medical bill submitted is reasonable. KRS 304.39-020(5)(a).

The decision of the Court of Appeals is reversed, and the case is remanded to the Fleming Circuit Court for a new trial consistent with this opinion.

All concur.